Donny **DAVIS**, Appellant,

v.

The **STATE** of Texas.

No. 973–94.

Court of Criminal Appeals of Texas, En Banc.

April 5, 1995.

Robert McCrarey, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and Betty Marshall, Charles M. Mallin & Tonya S. Dohoney, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for State.

*OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW*

OVERSTREET, Judge.

Appellant was charged by indictment with murder, alleged to have been committed on or about May 24, 1991. On August 26, 1992, he was convicted in a trial by jury of the lesser-included offense of voluntary manslaughter. On August 27, 1992, the jury assessed punishment at 16 years confinement. On September 3, 1992, the trial court entered a nunc pro tunc order adding a deadly weapon affirmative finding to the judgment. The Fort Worth Court of Appeals affirmed in *Davis v. State*, 880 S.W.2d 870 (Tex.App.—Fort Worth 1994). We granted the sole ground for review in appellant's petition for discretionary review, which challenges the propriety of the trial court entering a nunc pro tunc order making a deadly weapon affirmative finding.

## I. SUMMARY OF PERTINENT FACTS

The record reflects that appellant shot the deceased during a verbal dispute which had escalated into some shoving. Appellant testified that the deceased was pointing a gun at him. In cross-examination, he admitted that he shot and killed the deceased and used a firearm in doing so. The jury found appellant guilty of the lesser-included offense of voluntary manslaughter; however, there was no deadly weapon special issue included in the jury charge. The punishment jury charge likewise did not include a deadly weapon special issue.

A week after the punishment verdict, the trial court conducted a hearing on the State's oral motion seeking a judgment nunc pro tunc to reflect that a deadly weapon was used in the commission of the offense. The trial court concluded that because of the way the charge was worded on voluntary manslaughter the jury had in effect made a deadly weapon affirmative finding. It then made a nunc pro tunc entry of such a deadly weapon finding.

## II. COURT OF APPEALS' HOLDING

On appeal to the Fort Worth Court of Appeals, appellant claimed error in the trial court adding a deadly weapon finding to the jury's verdict which did not have such a finding. The court of appeals concluded that under the explicit wording of the jury charge on voluntary manslaughter, the jury's verdict of guilty of voluntary manslaughter included an express finding that appellant had used a deadly weapon during the commission of the offense. *Davis v. State*, 880 S.W.2d at 873. It held that therefore the trial court was authorized to enter in the judgment that the jury had made an affirmative finding of deadly weapon use. *Id.*

## III. PETITION FOR DISCRETIONARY REVIEW CLAIM

Appellant's sole ground for review challenges the propriety of the trial court entering a nunc pro tunc order adding a deadly weapon affirmative finding. It specifically avers:

> The Court of Appeals erred in holding that it was permissible for the trial court to add a deadly weapon finding to the jury verdict in punishment one week after the verdict and with no specific finding in the verdict that appellant "had used or exhibited a deadly weapon", and there was no reference back to an allegation of use of a deadly weapon in the indictment.

Appellant points to the guilt/innocence jury verdict, which stated, "We, the jury, find the Defendant, Donny Davis, guilty of the offense of voluntary manslaughter." The verdict made no reference to a deadly weapon, nor did it refer back to the indictment, since the indictment alleged murder rather than voluntary manslaughter. Appellant insists that since the jury found appellant not guilty of murder, but rather guilty of voluntary manslaughter, the only way to determine its express finding was to submit a special issue as to deadly weapon use.

The State asserts that the jury did indeed expressly find deadly weapon use based upon the deadly weapon averment in the indictment which was incorporated into the language of the voluntary manslaughter jury charge.

## IV.  ANALYSIS

The voluntary manslaughter application paragraph of the jury charge included language that appellant did: intentionally or knowingly cause the death of the deceased "by shooting him with a deadly weapon, to-wit: a firearm;" or intentionally, with the intent to cause serious bodily injury to the deceased, commit an act clearly dangerous to human life, namely "shoot [the deceased] with a deadly weapon, to-wit: a firearm, which caused the death of [the deceased][.]" Such, along with other language, authorized the finding of guilt of voluntary manslaughter.

In *Polk v. State,* 693 S.W.2d 391, 393 (Tex. Cr.App.1985), this Court concluded that under Article 42.12, V.A.C.C.P. "affirmative finding" means "the trier of fact's *express* determination that a deadly weapon or firearm was actually used or exhibited during the commission of the offense." [Emphasis in original.]  This Court decided that the Legislature required an "express determination" from the fact-finder, thus rejecting any supposed "implied" finding. *Hooks v. State,* 860 S.W.2d 110, 112 (Tex.Cr.App.1993). This Court specifically noted that an "implied" finding is not an "express" finding as is required by statute, and that the Legislature's requirement for an "express" finding was "meant to save all of us from sinking ever deeper into the quagmire of whether differing indictment/verdict/fact situations amounted to 'implied' findings or not." *Polk v. State,* 693 S.W.2d at 396.

■■■  Since appellant was tried by a jury, the trial court had no authority to make a deadly weapon affirmative finding. *Easterling v. State,* 710 S.W.2d 569, 581 (Tex.Cr. App.1986), *cert. denied,* 479 U.S. 848, 107 S.Ct. 170, 93 L.Ed.2d 108 (1986).  Since *Polk,* it has been very well-settled that in a jury trial, a trial court is authorized to enter a deadly weapon affirmative finding in three situations: where the jury has 1) found guilt as alleged in the indictment and the deadly weapon has been specifically plead as such using "deadly weapon" nomenclature in the indictment; 2) found guilt as alleged in the indictment but, though not specifically plead as a deadly weapon, the weapon plead is per se a deadly weapon;  or 3) affirmatively answered a special issue on deadly weapon use. *Polk v. State,* 693 S.W.2d at 396; *DeAnda v. State,* 769 S.W.2d 522, 523 (Tex.Cr.App.1989); *Gutierrez v. State,* 741 S.W.2d 444 (Tex.Cr. App.1987).

As noted above, there was no deadly weapon special issue included in either the guilt/innocence or punishment jury charges. Also, as noted above, the jury found appellant guilty of the offense of voluntary manslaughter, yet the verdict made no reference to a deadly weapon nor did it refer back to the indictment.  Thus none of the three *Polk* methods authorizing a trial court to enter a deadly weapon finding have been met.

*Easterling v. State, supra,* involved a deadly weapon finding in a situation in which the jury had found guilt of a lesser-included offense and the jury charge's application paragraph for the lesser offense of which that defendant was convicted included language that he acted with intent to kill by shooting with a firearm, to wit, a gun.  Nevertheless, this Court ordered the deadly weapon finding stricken and reformed the judgment by deleting such improper finding because none of the three *Polk* methods had been met. *Id.* at 581–82.

*Ex parte McLemore,* 717 S.W.2d 634 (Tex. Cr.App.1986) and *Ex parte Bracelet,* 702 S.W.2d 194 (Tex.Cr.App.1986) approved deadly weapon findings in lesser-included offense situations in which the indictments and jury charges had included handgun/firearm language, though the verdicts had simply found guilt of the lesser offenses and the juries had not answered a deadly weapon special issue.  However, those two cases were expressly overruled in *Ex parte Flannery,* 736 S.W.2d 652 (Tex.Cr.App.1987), which also involved a jury finding guilt of a lesser-included offense. *Flannery* noted that none of the tests set out in *Polk* had been met, i.e. no affirmative finding was made by way of the jury verdict referring back to the indictment nor was a deadly weapon special issue submitted to the jury. *Id.* at 652.  In spite of the indictment and jury charge application paragraph including shooting with a shotgun language, *Flannery* concluded that the trial court erred in including a deadly

weapon finding in the judgment. *Id.* at 653. *Flannery*, in overruling *McLemore* and *Bracelet*, explicitly stated that they were not consistent with *Polk*, and disapproved of a deadly weapon finding which must be "read into" the verdict which simply finds a defendant guilty but does not refer back to allegations of a deadly weapon charged in the indictment. *Id.*

Thus in *Flannery*, this Court reaffirmed its rejection of any "implied" affirmative finding and made it quite clear that the requisite "express" deadly weapon finding must be made by one of the three *Polk* methods. Because such was not done in the instant cause, the deadly weapon finding was improperly entered. We therefore sustain appellant's ground for review. Accordingly, as in *Easterling*, 710 S.W.2d at 582, "we order the affirmative finding stricken from the judgment and reform the judgment by deleting the improper finding." Thus the nunc pro tunc order that the judgment entry as to findings on use of deadly weapon is hereby ordered deleted. The judgment of the trial court, as reformed, is affirmed.

WHITE, J., concurs in the result.

MANSFIELD, Judge, dissenting.

Appellant was indicted for murder. A jury subsequently convicted appellant of the lesser offense of voluntary manslaughter on August 26, 1992. The jury assessed punishment at sixteen years confinement. On September 3, 1992, the trial court entered a nunc pro tunc order adding a deadly weapon affirmative finding to the judgment. The Second Court of Appeals affirmed. *Davis v. State*, 880 S.W.2d 870 (Tex.App.—Fort Worth 1994). We granted appellant's petition for discretionary review, which claimed that the trial court erred in entering the nunc pro tunc order making a deadly weapon affirmative finding. This Court subsequently held that the trial court did err. For the reasons below, I respectfully dissent.

In *Polk v. State*, 693 S.W.2d 391 (Tex.Cr. App.1985), this Court set out three instances when, in a jury trial, the court may properly enter in the judgment that the jury made an affirmative finding that a defendant used or exhibited a deadly weapon during the commission of an offense:

(1) Where the indictment specifically alleges the words "deadly weapon" describing the weapon used and the verdict reads "guilty as charged in the indictment";

(2) Where the indictment names a weapon which is *per se* a deadly weapon and the verdict reads "guilty as charged in the indictment"; and

(3) Where a special issue is submitted to the trier of fact and is answered affirmatively. *Polk* at 396.

In the present case, the indictment charging appellant with murder states, in part: "... intentionally and knowingly cause the death of an individual, Leonard Lockhart, by shooting him with a deadly weapon, to wit: a firearm ..." At appellant's request, the trial court included an instruction on voluntary manslaughter in its charge to the jury. The relevant portion of the charge reads as follows:

... namely, shoot Leonard Lockhart with a deadly weapon, to wit: a firearm, which caused the death of Leonard Lockhart, but you further find and believe from all the facts and circumstances in evidence in the case that the Defendant, in killing the deceased, if he did, acted under the immediate influence of a sudden passion arising from an adequate cause, or if you have a reasonable doubt as to whether Defendant so acted under the immediate influence of a sudden passion arising from an adequate cause, then you will find the Defendant guilty of the offense of voluntary manslaughter.

Defendant was not found guilty as charged in the indictment, so the present case does not fit exactly the first two categories described in *Polk*. As no special issue was submitted to the jury concerning a finding of use of a deadly weapon during the commission of the offense, the third category described in *Polk* is also not met here.

As the Court of Appeals states, however, the charge to the jury contains explicit wording that made it possible for the jury to find appellant guilty of voluntary manslaughter only if it found he used "a deadly weapon, to

wit: a firearm" during the commission of the offense. Since these words are part of the jury charge in the present case, I do not agree that there was only an "implied" deadly weapon finding in the jury's verdict. I conclude that the jury's verdict includes a specific finding of use of a deadly weapon in the present case no different than a verdict that reads "guilty as charged in the indictment" includes a finding of use of a deadly weapon when the indictment specifically pleads use of "a deadly weapon."

The majority cites *Easterling v. State,* 710 S.W.2d 569 (Tex.Cr.App.1986), and *Ex parte Flannery,* 736 S.W.2d 652 (Tex.Cr.App.1987), in support of its opinion that, because the present case does not square precisely with the three categories in *Polk,* the trial judge's nunc pro tunc order making a deadly weapon affirmative finding was improper. Those cases are easily distinguishable from the instant case, however. In *Easterling,* the indictment (charging attempted murder) did not include the language "deadly weapon." It did allege the use of a gun, but this Court has long held that a gun is not a deadly weapon *per se. Boyett v. State,* 692 S.W.2d 512 (Tex.Cr.App.1985). The jury charge under which Easterling was convicted (attempted voluntary manslaughter) did contain language relating to use of "a firearm to wit, a gun." *Easterling* at 581. The abstract portion of the jury charge describes "deadly weapon" as including a firearm.

In *Ex parte Flannery,* the indictment charged Flannery with murder by shooting the decedent with a shotgun. A shotgun at that time was not legally defined as a deadly weapon *per se* and since the jury charge failed to instruct the jury to make a determination whether the defendant's use of the shotgun in causing decedent's death made it a deadly weapon by a manner of its use, there was no deadly weapon finding possible based on the indictment or the jury charge.[1]

The circumstances present in *Flannery* and *Easterling* (lack of proper language alleging use of a deadly weapon in the indictment, the jury charge, or in both) do not exist here. Furthermore, *Flannery* may have little precedential value today given *Narron* and *Franklin.*

In the present case, both the indictment *and* the jury charge contain legally sufficient language relating to use of a deadly weapon: "... deadly weapon, to wit: a firearm." As the language is identical in both instances, it is reasonable to conclude that the language on use of a deadly weapon in the jury charge on voluntary manslaughter *does* refer back to the deadly weapon allegation charged in the indictment.

Therefore, I would affirm the judgment of the court of appeals. I respectfully dissent.

---

1. In two cases decided by this Court subsequent to *Ex Parte Flannery,* we have held that a shotgun is a deadly weapon *per se. Ex Parte Franklin,* 757 S.W.2d 778 (Tex.Cr.App.1988) at 783. *Narron v. State,* 835 S.W.2d 642 (Tex.Cr.App.1992).