**Juan Ignacio GARZA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–93–01957–CR.**

Court of Appeals of Texas, Dallas.

Oct. 18, 1995.

Kenneth D. Carden, Las Colinas, for Appellant.

Libra Lange, Assistant District Attorney, Dallas, for State.

Before MALONEY, MORRIS, and DEVANY, JJ.

## OPINION

MALONEY, Justice.

The jury convicted Juan Ignacio Garza of recklessly causing serious bodily injury to a child and assessed a ten year sentence. In a single point of error, appellant complains the trial court erred in entering a deadly weapon finding. We affirm the trial court's judgment.

## BACKGROUND

Appellant lived with Maria Magana and her eleven-month-old son, Alex. Appellant

---

tossed Alex on the bed. Alex's head struck something—the bed, the wall, or an unknown object. As a result of the blow, Alex died from a brain hemorrhage. The grand jury indicted appellant for knowingly and intentionally causing Alex serious bodily injury by striking his head with a deadly weapon. The jury found appellant guilty of the lesser included offense of recklessly causing serious bodily injury to a child. The trial court entered a deadly weapon finding in its judgment.

## AFFIRMATIVE FINDING OF A DEADLY WEAPON

In a single point of error, appellant argues the trial court erred in entering the deadly weapon finding because: (1) the verdict read "guilty as *included* in the indictment" instead of "guilty as *charged* in the indictment"[1]; (2) walls, beds, and objects unknown are not deadly weapons per se; and (3) the jury did not make an affirmative finding on the use of a deadly weapon.

### 1. Applicable Law

■ In a jury trial, the trial court may not enter a deadly weapon finding unless: (1) the indictment specifically alleges the term "deadly weapon" and the jury verdict reads "guilty as charged in the indictment"; (2) the weapon alleged in the indictment is a deadly weapon per se; or (3) the jury affirmatively answers a special issue on deadly weapon use. *Polk v. State*, 693 S.W.2d 391, 396 (Tex.Crim.App.1985). The facts of the case alone will not allow a trial court to enter an "implied finding" of a deadly weapon. *Id.* The Texas Court of Criminal Appeals has recently held that the following does not meet the *Polk* test for a finding of a deadly weapon:

(1) the indictment alleges the term "deadly weapon";

(2) the jury charge includes an application paragraph for a lesser included offense that includes the indictment's term "deadly weapon"; but

(3) the jury's verdict does not refer back to the indictment.

*Davis*, 897 S.W.2d at 793–94.

### 2. Application of Law to Facts

Here, the indictment alleged use of "a wall, *a deadly weapon*, and a bed, *a deadly weapon*, and an object ..., *a deadly weapon*" (emphasis added). The jury charge's application paragraph on the lesser included offense recited "a wall, *a deadly weapon;* or a bed, *a deadly weapon;* or an object ..., a *deadly weapon ... as included in the indictment*" (emphasis added). The jury found appellant "guilty of the lesser included offense of recklessly causing serious bodily injury to a child, *as included in the indictment*" (emphasis added).

■ The *Davis* court did not require that the verdict use the term "as charged in the indictment" before a trial court could enter a deadly weapon finding. It required only that the indictment, jury charge, and verdict meet the *Polk* test. *See Davis*, 897 S.W.2d at 793. Here, the indictment alleged the term "deadly weapon." The jury charge and the verdict both refer back to the indictment. We conclude that the verdict's use of the word "included" instead of "charged" does not render the trial court's entry of a deadly weapon finding an implied finding. Unlike *Davis*, the indictment, jury charge, and verdict meet the *Polk* test. The trial court properly entered the deadly weapon finding. We overrule appellant's sole point of error.

We affirm the trial court's judgment.

■

---

**1.** The court of criminal appeals has interpreted this first test as the jury verdict "referring back to the indictment." *Davis v. State*, 897 S.W.2d 791, 793 (Tex.Crim.App.1995).