Donnie Floyd v. The State of Texas















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-239-CR

Â Â Â Â Â DONNIE FLOYD,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 96-367-C 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â A jury convicted Donnie Floyd of manslaughter and assessed his punishment at 15 years
confinement in the Texas Department of Criminal Justice - Institutional Division. During
sentencing, the trial court entered a deadly weapon finding. Because the trier of fact--the jury --
did not make an express finding that Floyd used or exhibited a deadly weapon, we hold that the
court erred when it entered this finding. See Davis v. State, 897 S.W.2d 791, 793 (Tex. Crim.
App. 1995)(en banc). Therefore, we affirm the trial courtâs judgment on guilt and reform the
sentence, deleting the deadly weapon finding.
Â 
BACKGROUND
Â Â Â Â Â Â Donnie Floyd was indicted for murder for an offense alleged to have been committed on
November 29, 1995 in McLennan County. Floyd pled not guilty to the charges. At trial, a jury
returned a verdict of guilty for the offense of involuntary manslaughter--a charge not alleged in
the indictment. Floyd elected to have the jury decide his punishment. It assessed his punishment
at 15 years confinement in the Texas Department of Criminal Justice - Institutional Division. 
During sentencing, the court entered a deadly weapon finding. Floyd appeals the entry of the
deadly weapon finding on the ground that the jury did not make an express finding that he
exhibited or used a deadly weapon during the commission of the offense of involuntary
manslaughter. Because we hold that the Court of Criminal Appeals decision in Davis v. State
controls this issue, we affirm the courtâs judgment of guilt, but modify the sentence, deleting the
deadly weapon finding. See Davis v. State, 897 S.W.2d 791, 793 (Tex. Crim. App. 1995)(en
banc).
DISCUSSION
Â Â Â Â Â Â In order for the court to enter a deadly weapon finding, the trier of fact must expressly find 
that Floyd exhibited or used a deadly weapon during the commission of the offense. See id. 
When a jury is the trier of fact, the trial court may not enter a deadly weapon finding unless: the
jury (1) finds the defendant guilty as charged in the indictment and the indictment alleges use of
a deadly weapon; (2) finds the defendant guilty as charged in the indictment and the indictment
names a weapon that is a deadly weapon per se; or (3) makes an affirmative finding to a special
issue on the use or exhibition of a deadly weapon. See Polk v. State, 693 S.W.2d 391, 396 (Tex.
Crim. App. 1985). In addition, the trial court may not read a deadly weapon finding into the
verdict if the verdict does not refer back to the allegations in the indictment. See Davis, 897
S.W.2d at 794.
Â Â Â Â Â Â Here, the jury convicted Floyd of an offense not charged in the indictment. Therefore, the
only way that the trial court had the authority to enter a deadly weapon finding is if the jury
answered affirmatively to a special issue on the use or exhibition of a deadly weapon. See Polk,
693 S.W.2d at 396. The court did not submit such a special issue to the jury. Since there was no
special issue on the use or exhibition of a deadly weapon submitted to the jury, the court erred
when it entered such a finding at sentencing. See Davis, 897 S.W.2d at 793.
Â Â Â Â Â Â Therefore, we affirm the courtâs judgment of guilt, but modify the sentence, deleting the
deadly weapon finding.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â BOBBY L. CUMMINGS
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Before Chief Justice Davis,
Â Â Â Â Â Â Justice Cummings, and
Â Â Â Â Â Â Justice Vance
Affirmed and sentence modified
Opinion delivered and filed December 9, 1998
Do not publish




right:23.4pt;margin-bottom:
0in;margin-left:23.4pt;margin-bottom:.0001pt;text-align:justify;layout-grid-mode:
char'>   QÂ Â Â  And at that time you knew
that those examinations did not show that both of the girls had been
penetrated, correct?

Â Â Â Â Â  AÂ Â Â  The information I had
showed that they had been penetrated.

Â Â Â Â Â  QÂ Â Â  What information did you
have?

Â Â Â Â Â  AÂ Â Â  The SANE exam.

Â Â Â Â Â  QÂ Â Â  The which exam?

Â Â Â Â Â  AÂ Â Â  The exam from the SANE
nurse.

Â Â Â Â Â  QÂ Â Â  Okay.Â  And where had they
been penetrated in that examination?Â  From the best of your recollection, where
were they penetrated?

Â Â Â Â Â  AÂ Â Â  In the vagina.

Â Â Â Â Â  QÂ Â Â  In the vagina, okay.Â 
Would it surprise you to know that the witness who just testified indicated
that that younger girl had a normal vaginal examination?

Â Â Â Â Â  AÂ Â Â  No, sir, I did not know that.

(3 R.R. 244-45.)Â  The sexual assault examination
forensic reports state that each victimÂs female sexual organ had been
penetrated.Â  (StateÂs Exs. 3-4.)Â  The trial court would not have abused its
discretion in finding no misrepresentation.Â  

Â Â Â Â Â  The trial court did not abuse its
discretion in overruling UpoleÂs objection.Â  We overrule UpoleÂs issue.

Â Â Â Â Â  Having overruled UpoleÂs sole
issue, we affirm.

TOM GRAY

Chief
Justice

Before Chief Justice Gray,

Â Â Â Â Â  Justice Vance, and

Â Â Â Â Â  Justice
Reyna

Affirmed

Opinion
delivered and filed July 26, 2006

Do
not publish

[CR25]