Nigel Edwards v. The State of Texas














 

IN THE
TENTH COURT OF APPEALS
 

No. 10-99-163-CR

     NIGEL EDWARDS,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 97-877-C
                                                                                                                
                                                                                                            
O P I N I O N
                                                                                                                
     A jury convicted Nigel Edwards of murder and assessed his punishment at ninety-nine
years’ confinement in the Texas Department of Criminal Justice - Institutional Division and a
fine of $10,000. The trial court entered a deadly weapon finding in the judgment. Because the
trier of fact—the jury—did not make this finding, we hold that the court erred when it did so. 
Therefore, we affirm the trial court’s judgment on guilt and reform the sentence, deleting the
deadly weapon finding.
BACKGROUND
      Edwards was indicted for capital murder for an offense committed on August 15, 1997, in
McLennan County, Texas. He pled “not guilty” to the charge. At trial, a jury returned a
verdict of guilty of the lesser-included offense of murder, a charge not specifically alleged in
the indictment. Tex. Pen. Code Ann. § 19.02 (Vernon 1994). Edwards elected to have the
jury decide his punishment. The trial court’s judgment recited that a deadly weapon was used
in the commission of the offense.
DISCUSSION
      Edwards asserts that the court erred in entering a deadly weapon finding because the jury 
did not find that he used or exhibited a deadly weapon.



      Article 42.12, section 3g(a)(2) of the Code of Criminal Procedure provides that an affirmative finding of the use of a deadly weapon may be made:
 . . . when it is shown that a deadly weapon as defined in Section 1.07, Penal Code, was
used or exhibited during the commission of a felony offense or during immediate flight
therefrom, and that the defendant used or exhibited the deadly weapon or was a party to
the offense and knew that a deadly weapon would be used or exhibited. On an affirmative
finding under this subdivision, the trial court shall enter the finding in the judgment of the
court. . . .

Tex. Code Crim. Proc. Ann. art. 42.12, § 3g(a)(2) (Vernon Supp. 2000). An "affirmative
finding" requires an express determination by the trier of fact that a deadly weapon was used
or exhibited during the commission of the offense. Polk v. State, 693 S.W.2d 391, 396 (Tex.
Crim. App. 1985). 
      A jury, as the trier of fact, makes an “express determination” that a deadly weapon was
used when it (1) finds the defendant "guilty as charged in the indictment" and the indictment
alleged the use of a "deadly weapon"; (2) finds the defendant "guilty as charged in the indictment" and the indictment alleged the use of a per se deadly weapon; or (3) affirmatively
answers a special issue on deadly weapon use. Davis v. State, 897 S.W.2d 791, 793 (Tex.
Crim. App. 1995); Polk, 693 S.W.2d at 396. Because appellant was tried by a jury, the trial
court had no authority to make an affirmative deadly weapon finding. Davis, 897 S.W.2d at
793. In addition, the trial court may not read a deadly weapon finding into the verdict if the
verdict does not refer back to the allegations in the indictment. Id. at 794.
      Here, the jury’s verdict does not refer back to the allegation in the indictment.


 The court
did not submit a special issue on the use or exhibition of a deadly weapon to the jury. Because 
there was no special issue on the use or exhibition of a deadly weapon submitted to the jury
there was no express deadly weapon determination by it, and the court erred when it entered
such a finding. Id. 
      The State argues in the alternative that murder is a “3g” offense, and thus Edwards is not
harmed by the deadly weapon finding. See Tex. Code Crim. Proc. Ann. art. 42.12, §
3g(a)(1)(A) (Vernon Supp. 2000). Section 3g applies not only to the felonies enumerated in
section 3g(a)(1) such as murder but also to any felony in which the jury returns an affirmative
deadly weapon finding. Id. art. 42.12, § 3g(a)(2).
      Section 508.145 of the Government Code provides that if a defendant has been convicted
of an offense listed in section 3g(a)(1) (other than capital murder) or if a jury has returned an
affirmative deadly weapon finding under section 3g(a)(2) the defendant must serve the lesser of
thirty calendar years or one-half of his sentence before he will become eligible for parole.


 
Tex. Gov’t Code Ann. § 508.145 (Vernon Supp. 2000). Thus, the State argues the error is
harmless because regardless of whether a deadly weapon finding was made, Edwards must
serve thirty calender years before he will become eligible for parole.
      This Court recently rejected a similar argument. Rachuig v. State, 972 S.W.2d 170, 179
(Tex. App.—Waco 1998, pet. ref’d). In Rachuig, we said:
We do not presume to know the effect this improper finding might have on [the
defendant]’s parole eligibility under the guidelines established by the Board of
Pardons and Paroles. See Tex. Gov’t Code Ann. § 508.144 (Vernon Supp. 1998). 
Moreover, article 37.12 requires the court to enter “the proper judgment.” Tex.
Code Crim. Proc. Ann. art. 37.12 (Vernon 1981). Such a judgment must accurately
recite any deadly weapon findings. Id. art. 42.01, § 1(21), art. 42.12, § 3g(a)(2)
(Vernon Supp. 1998); cf. Asberry v. State, 813 S.W.2d 526, 529-31 (Tex.
App.—Dallas 1991, pet. ref’d) (appellate court modified judgment to reflect jury’s
deadly weapon finding which trial court had improperly failed to include in
judgment).

Id. The same reasoning applies in this case. 
 

      Accordingly, we sustain Edwards’ sole issue. We modify the judgment to delete the
deadly weapon finding and affirm the judgment as modified. 



                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Davis,
          Justice Vance, and
          Justice Gray
Reformed and affirmed
Opinion delivered and filed May 31, 2000
Publish