Michael Winn LAFLEUR, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–01–181 CR.

Court of Appeals of Texas,
Beaumont.

July 10, 2002.

Hal Laine, Beaumont, for appellant.

Tom Maness, Crim. Dist. Atty., Wayln G. Thompson, Asst. Crim. Dist. Atty., Beaumont, for appellee.

Before WALKER, C.J., BURGESS, and GAULTNEY, JJ.

## OPINION

DAVID B. GAULTNEY, Justice.

Michael Winn Lafleur was convicted of manslaughter and sentenced by a jury to eight years imprisonment. The trial court entered an affirmative finding that Lafleur had used a deadly weapon. On appeal, Lafleur argues that the trial court erred by refusing his request for a jury instruction on criminally negligent homicide and by entering the deadly weapon finding.

### Issue 1: Criminally Negligent Homicide

Lafleur was indicted for murdering Keith Walker "by shooting Complainant with a deadly weapon, to-wit: a firearm[.]" The trial court instructed the jury on self-defense and on manslaughter as a lesser-included offense, but refused Lafleur's request for an instruction on criminally negligent homicide. The Court of Criminal Appeals has implemented a two-step test to determine whether jurors should be instructed on a lesser-included offense. *Mathis v. State*, 67 S.W.3d 918, 925 (Tex. Crim.App.2002). The first step is to decide whether the offense is a lesser-included offense of the offense charged; the second is to decide whether there is some evidence from which a jury could rationally acquit the defendant of the greater offense while convicting him of the lesser-included offense. *Id.*

▮▮▮ The issue before us is whether there is evidence in the record from which a jury could rationally acquit Lafleur of a greater offense while convicting him of a lesser offense. *See Mathis*, 67 S.W.3d at 925. The difference in culpable mental state between manslaughter, for which he was convicted, and negligent homicide is perception of the risk; in the former, the actor recognizes the risk of death and consciously disregards it, while in the latter he is not, but ought to be, aware of the risk that death will result from his conduct. *See Saunders v. State*, 913 S.W.2d 564, 565 (Tex.Crim.App.1995). "The key to criminal negligence is the failure of the actor to perceive the risk created by his conduct." *Mendieta v. State*, 706 S.W.2d 651, 652 (Tex.Crim.App.1986). Therefore, "[i]t is encumbent that the record contain evidence showing an unawareness of the risk before a charge on criminally negligent homicide is required." *Id.* at 653.

Lafleur was involved in a confrontation with Keith Walker when he fired the fatal shot, which struck Walker in the head. Lafleur's defense was based on a theory of self-defense; he testified that Walker threatened to stab him, that Walker had a knife in his hand,[1] and that he feared for his life. Lafleur described the shooting as follows:

> I flinched and turned away and fired hoping I was going to scare him, but I didn't know that he—he must have got hit.
>
> . . . .
>
> [T]hat's when I turned away and fired the gun. I was really hoping it would scare him, not taking no one's life or hurt him or nothing like that. I was hoping that it would have scared him, but it didn't happen like that.

Q. Okay. So, did you ever really take an aim?

A. No, sir, I didn't.

Q. You were attempting to frighten him or scare him?

---

1. The jury heard testimony that, when paramedics moved the deceased, a closed pocket-knife was found underneath his body.

A. That's what it was, yes, sir.

On cross examination, Lafleur was asked:

Q. So, you consciously fired the gun?

A. I fired the gun hoping that I was going to scare him when I seen the knife come down at me, sir.

In *Mendieta*, the appellant offered similar testimony at trial. He testified he feared for his life but swung the knife at the deceased with the intent to "keep him away," not to kill him. *Mendieta*, 706 S.W.2d at 651–52. The Court of Criminal Appeals held that this testimony did not raise the issue of criminally negligent homicide:

> This testimony shows that appellant *was aware* of the risk he was creating.... Because there is nothing in the evidence presented which indicates that appellant was unaware of the risk his conduct created, we find that the issue of criminally negligent homicide was not raised.

*Id.* at 653 (emphasis in original).

Relying on *Mendieta*, the First Court of Appeals has held that similar testimony, which asserted self-defense but did not deny awareness of risk, failed to raise the issue of criminally negligent homicide:

> [A]ppellant points to the evidence that complainant was the physical aggressor; appellant was merely trying to ward complainant off when he drew his knife and stuck complainant in the groin; appellant did not intend to seriously injure or kill complainant.... None of this evidence indicates that appellant failed to perceive the risk that complainant might be seriously injured or killed as a result of appellant's use of the knife. There is no evidence meriting the inclusion of a charge on criminally negligent homicide....

*Bergeron v. State*, 981 S.W.2d 748, 752–53 (Tex.App.-Houston [1st Dist.] 1998, pet. ref'd) (citation omitted).

■ Similarly, while Lafleur's testimony raises the issue of self-defense, it does not raise the issue of criminal negligence. Lafleur acknowledges that he fired the gun consciously, while standing one or two feet from Walker. He does not claim to have been unaware of the risk that Walker might be killed or wounded. The trial court did not err in refusing to instruct the jury on criminally negligent homicide. The first point of error is overruled.

ISSUE TWO: THE DEADLY WEAPON FINDING

In issue two, appellant contends the trial court erred in making an affirmative finding of the use of a deadly weapon and including the finding in the judgment. We set out the jury charge application paragraph by which the jury convicted Lafleur of the lesser-included offense of manslaughter:

> Therefore, if you believe from the evidence beyond a reasonable doubt that in Jefferson County, Texas, on or about May 31, 1998, the defendant Michael Winn Lafleur, did then and there recklessly cause the death of an individual, namely: Keith Walker, hereafter styled the complainant, by shooting complainant with a deadly weapon, to-wit: a firearm, you shall find the defendant guilty of the lesser included offense of Manslaughter.
>
> Unless you so find, or if you have a reasonable doubt thereof, you shall find the defendant NOT GUILTY.

The jury's verdict in the guilt-innocence phase reads as follows:

> WE, THE JURY, find the defendant NOT GUILTY of Murder as charged in the indictment, but GUILTY of the lesser included offense of Manslaughter.

In the punishment phase, the jury returned the following verdict:

WE, THE JURY, assess the defendant's punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of *Eight (8)* years.

The trial court's judgment then recites an "affirmative finding" of use of a deadly weapon.[2]

■ According to *Davis v. State,* 897 S.W.2d 791 (Tex.Crim.App.1995), a trial court is authorized to enter a deadly weapon affirmative finding in three instances:

where the jury has 1) found guilt as alleged in the indictment and the deadly weapon has been specifically plead as such using "deadly weapon" nomenclature in the indictment; 2) found guilt as alleged in the indictment but, though not specifically plead as a deadly weapon, the weapon plead is per se a deadly weapon; or 3) affirmatively answered a special issue on deadly weapon use.

*Id.* at 793 (citing, *inter alia, Polk v. State,* 693 S.W.2d 391, 396 (Tex.Crim.App.1985)). Here, the jury verdict does not say "guilty of manslaughter as alleged in the indictment." It could not have. There was no indictment for manslaughter; nor did there have to be. Manslaughter is a lesser-included offense of murder. *Mathis v. State,* 67 S.W.3d at 925. "In a prosecution for an offense with lesser included offenses, the jury may find the defendant not guilty of the greater offense, but guilty of any lesser included offense." TEX.CODE CRIM. PROC. ANN. art. 37.08 (Vernon 1981). Here, it is the application paragraph of the jury charge that the jury looked to in convicting Lafleur of the lesser-included offense of manslaughter. The application paragraph includes express deadly weapon language.

■ In *Davis,* the Court of Criminal Appeals held that similar firearm "deadly weapon" language in a voluntary manslaughter application paragraph was merely an "implied" finding, not an "express" finding. *Davis,* 897 S.W.2d at 793–94. The Court quoted from its earlier opinion, *Polk v. State,* and specifically noted "that an 'implied' finding is not an 'express' finding as is required by statute, and that the Legislature's requirement for an 'express' finding was 'meant to save all of us from sinking ever deeper into the quagmire of whether differing indictment / verdict / fact situations amounted to 'implied' findings or not.'" *Davis,* 897 S.W.2d at 793 (quoting *Polk,* 693 S.W.2d at 396). Respectfully, we question how the application paragraph's language regarding the use of the deadly weapon constitutes only an implied deadly weapon finding rather than an express finding. In following the trial court's instructions in the charge, the jury convicted the defendant of the lesser-included offense by finding that the expressly stated requirements of the application paragraph existed beyond a reasonable doubt. We generally presume, though it is a rebuttable presumption, that a jury follows the instructions given by the trial judge. *See Wilbon v. State,* 961 S.W.2d 9, 10 (Tex.App.-Amarillo 1996, pet. ref'd). Furthermore, we note that the Legislature has defined "deadly weapon" to include "a firearm." TEX. PEN.CODE ANN. § 1.07(17) (Vernon 1994). However, because *Davis* holds such language in the application paragraph is only an "implied" finding, we are required to conclude the trial court erred in including a deadly weapon finding in the judgment. The State concedes *Davis* requires this result.

**2.** The Texas Penal Code defines "deadly weapon" as follows: "(A) a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or (B) anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." TEX. PEN.CODE ANN. § 1.07(17) (Vernon 1994).

Appellant's second point of error is sustained. *See Davis,* 897 S.W.2d at 793–94; *Ex parte Flannery,* 736 S.W.2d 652, 653 (Tex.Crim.App.1987); *Easterling v. State,* 710 S.W.2d 569, 581–82 (Tex.Crim.App. 1986); *Polk,* 693 S.W.2d at 397. The error is harmful. It affects the date appellant may be eligible for parole. *See* Tex. Gov't Code Ann. § 508.145 (Vernon Supp.2002). Following the dictate of *Davis,* we order the affirmative deadly weapon finding stricken from the judgment and reform the judgment by deleting the finding.

As reformed, the judgment is affirmed.

AFFIRMED, AS REFORMED.