In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-519 CR


____________________



NAOMI L. GILBERT, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 411th District Court


San Jacinto County, Texas


Trial Cause No. 8412






OPINION


 Naomi L. Gilbert was convicted by a jury of having committed the offense of
Aggravated Robbery. The jury assessed punishment at confinement in the Texas
Department of Criminal Justice - Institutional Division for a term of seven years. The lone
appellate issue reads as follows: 

 Whether the Trial Court reversibly erred, in that the Trial Court improperly
entered an affirmative finding of the use or exhibition of a deadly weapon,
when a special issue regarding the use or exhibition of a deadly weapon was
not submitted in the Trial Court's charges to the Jury in either Guilt or
Punishment, when the Trial Court's charge to the Jury on Guilt contained an
instruction on the Law of Parties.


 Generally, an affirmative finding of a deadly weapon may be entered when the (a) 
indictment alleges the use of a deadly weapon and the jury finds the defendant guilty as
charged in the indictment, (b) the weapon is deadly per se, (c) or the jury affirmatively
answers a special issue on the matter. See Davis v. State, 897 S.W.2d 791, 793 (Tex.
Crim. App. 1995). In the instant case, the trial court did not submit the deadly weapon
question to the jury as a special issue. See Travelstead v. State, 693 S.W.2d 400, 402
(Tex. Crim. App. 1985) (special issue is preferred procedure when jury is trier of fact). 
Although the indictment expressly alleged appellant "use[ed] or exhibit[ed]" a deadly
weapon, and the jury found her guilty "as charged in Count I of the indictment[,]" the
verdict did not constitute an affirmative finding that appellant personally used or exhibited
a deadly weapon because the charge included an instruction on the law of parties and
appellant's conviction can be sustained only on that basis. (1) 

 Furthermore, the jury's verdict also did not constitute an affirmative finding that
appellant was a party to the use of a deadly weapon within the meaning of Tex. Code
Crim. Proc. Ann. art. 42.12, § 3g(a)(2) (Vernon Supp. 2002), because the court's party's
charge did not require a finding that appellant knew that a deadly weapon would be used
or exhibited during the offense. See Howard v. State, 966 S.W.2d 821, 829 (Tex. App.--Austin 1998, pet. ref'd). 

 While it could be argued that the jury impliedly found that appellant was a party to
an offense in which she knew that a deadly weapon would be used, an implied finding does
not constitute the "affirmative finding" required to be found under art. 42.12, sec.
3g(a)(2), as interpreted by the Court of Criminal Appeals in Polk v. State, 693 S.W.2d
391, 393 (Tex. Crim. App. 1985) ("We have searched the legislative history of Article
42.12, supra, and have determined that, given the previous definitions, these words taken
together were intended to mean the trier of fact's express determination that a deadly
weapon or firearm was actually used or exhibited during the commission of the offense.").
We hold, therefore, that the jury did not make an art. 42.12, sec. 3g(a)(2), affirmative
finding, and that the trial court abused its discretion in entering such a finding on the face
of the judgment. 

 Having found error by the trial court we now conduct a harm analysis. Tex. R.
App. P. 44.2(b). We disregard any non-constitutional error that does not affect the
appellant's substantial rights. Id. The significance of a deadly weapon finding is its
impact on appellant's parole eligibility. See Tex. Gov't Code Ann. § 508.145 (Vernon
Supp. 2002). When, however, a defendant has been convicted of one of several offenses
statutorily designated to be subject to the same limitations on parole eligibility that apply
when a deadly weapon finding has been specifically entered, the defendant's substantial
rights are not affected. Compare Tex. Code Crim. Proc. Ann. art. 42.12, §§
3g(a)(1)(F), 3g(a)(2) (Vernon Supp. 2002), with Tex. Gov't Code Ann. § 508.145(d)
(Vernon Supp. 2002). Because appellant was convicted of aggravated robbery and is
subject to the same limitations on parole eligibility regardless of the deadly weapon
finding, her substantial rights were not affected by the trial court's erroneous entry of the
deadly weapon finding in the judgment. 

 A close reading of appellant's brief, however, indicates that she does not merely
request a reformation of her judgment to delete the erroneous entry of the deadly weapon
finding. While the wording of her appellate issue, and indeed the authorities she relies
upon, all complain of trial error, the last four sentences of her brief demand what would
amount to an entirely different result, viz: 

 In the case at bar, the Jury did not specifically find that Appellant used a
deadly weapon or that Appellant knew that a deadly weapon would be used
or exhibited. A required element, necessary for a finding of guilt of the
offense of AGGRAVATED ROBBERY, as alleged, was missing.

 The Trial Court's entry of an affirmative finding on the use of a
deadly weapon was improper. Therefore, this Court should sustain
Appellant's ISSUE NUMBER ONE; reform the Judgment to acquit
Appellant of AGGRAVATED ROBBERY; find Appellant GUILTY of the
lesser offense of THEFT; and, remand this Cause to the Trial Court for a
new hearing as to Punishment.


 Appellant completely misconstrues the distinction between a statutory-based
"affirmative finding" for parole eligibility purposes, art. 42.12, sec. 3g(a)(2), and the
constitutionally-mandated due process standard of measuring evidentiary sufficiency
against the substantive elements of the criminal offense as defined by state law as
announced in Jackson v. Virginia, 443 U.S. 307, 324 n.16, 99 S.Ct. 2781, 61 L.Ed.2d
560 (1979). As alluded to above, the trial court's instructions to the jury included
language defining appellant's possible culpability for the aggravated robbery as a party. 
Appellant lodged no objection to said instructions. The verdict in every criminal action
must be general. Tex. Code Crim. Proc. Ann. art. 37.07, § 1(a) (Vernon 1981). Where
there is a general verdict returned and evidence is sufficient to support a finding of guilt
under any of the paragraph allegations submitted, the verdict will be upheld. McDuff v.
State, 939 S.W.2d 607, 614 (Tex. Crim. App. 1997). The jury in the instant case was not
requested to make any specific findings, for legal sufficiency purposes, as to any one
element of the offense charged, nor would it have been proper to do so under art. 37.07,
sec. 1(a). Examining all of the record evidence in the light most favorable to the verdict,
we find that any rational trier of fact could have found the essential elements of the offense
to have been proven beyond a reasonable doubt, including the allegations that appellant
acted as a party to the alleged offense as that term was defined for the jury. See Jackson
v. Virginia, 443 U.S. at 319. As such, no "affirmative finding" by the jury of the use or
exhibition of a deadly weapon was required to sustain appellant's conviction for aggravated
robbery under the appropriate standard for measuring legally sufficient evidence. To the
extent that appellant has raised a legal sufficiency claim, we overrule her issue. As to
appellant's complaint regarding the trial court's entry in the judgment of an affirmative
finding of use of a deadly weapon, we hold the trial court erred, but the error did not
affect her substantial rights. We affirm appellant's conviction. 

 AFFIRMED. 


 PER CURIAM



Submitted on July 29, 2002

Opinion Delivered August 14, 2002

Do Not Publish 


Before Walker, C.J., Burgess and Gaultney, JJ.
1. The evidence in the record before us indicates that appellant was either the driver
of the getaway vehicle involved in the robbery, or was a passenger in the vehicle. The
record reveals that appellant knowingly accompanied the principal actors to the robbery
scene and shared in the proceeds of the robbery thereafter.