Opinion filed June 10,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-08-00274-CR 

                                                    __________

 

                               JESSIE
EARL GRIFFITH, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 104th District Court

 

                                                            Taylor
County, Texas

 

                                                    Trial
Court Cause No. 16815B

 



 

                                                                  O
P I N I O N

 

            The
jury convicted Jessie Earl Griffith, of manslaughter and sentenced him to
confinement in the Institutional Division of the Texas Department of Criminal
Justice for a term of twenty years.  The jury additionally imposed a fine of
$10,000.  Appellant challenges his conviction in two issues.  We affirm.

Background Facts

Appellant
was indicted for the murder of Brenda Sue Eldredge.  The first paragraph of the
indictment alleged that on or about December 22, 2007, appellant intentionally
and knowingly caused the death of Eldredge by “running over [her] with a deadly
weapon, to-wit: a motor vehicle.” 
See Tex. Penal Code Ann. §
19.02(b)(1) (Vernon 2003).  The second paragraph of the indictment alleged that
on or about December 22, 2007, appellant intentionally and knowingly, with
intent to cause serious bodily injury to Eldredge, committed “an act clearly
dangerous to human life, to-wit: running over the said BRENDA SUE ELDREDGE with
a motor vehicle, thereby causing the death of the said BRENDA SUE ELDREDGE.”  See
Tex. Penal Code Ann. § 19.02(b)(2)
(Vernon 2003).  

Appellant’s
trial for the murder of Eldredge began on August 4, 2008.  Gerald Earnest Self
testified that Eldredge and Clifford Miles came to his home on Plum Street in
Abilene on December 22, 2007.  Eldredge had been staying at Self’s home for
about two weeks prior to the murder.  Eldredge, Miles, and Self remained at
Self’s home for several hours during which time they drank heavily.  At some
point, Eldredge called appellant to come over to Self’s house so that he could
transport them to the grocery store in his van.  Self testified that appellant
was “messed up” when he arrived at Self’s home and that appellant “[c]ouldn’t
hardly stand up.”   Appellant, Eldredge, and Miles subsequently left in
appellant’s van for the grocery store with Eldredge driving.  Self testified
that Eldredge was the only one of the three that left in the van that possessed
a driver’s license.

            Miles
testified that he, Eldredge, and Self were drinking and having a good time at
Self’s home on December 22, 2007.  He estimated that the three of them had been
drinking there for a couple of hours before Eldredge called appellant to come
over to Self’s home.  Miles testified that appellant remained at the house for
an hour or two after he arrived before Miles, Eldredge, and appellant left in
appellant’s van with Eldredge driving for the purpose of going to the grocery
store.  Miles testified that appellant drank with the group before leaving for
the grocery store.  Miles further testified that the group “didn’t make it” to
the grocery store because they stopped at the El Culmpio bar and stayed there
for several hours.  Miles estimated that Eldredge and appellant drank between
seven to nine beers apiece while they were at the bar.   

Miles
testified that he decided to leave the bar because he was drunk and wanted to
go home.  Miles, Eldredge, and appellant got into appellant’s van with Eldredge
driving, Miles sitting in the front passenger seat, and appellant sitting on a
milk crate in the back of the van.  Eldredge drove the group to Miles’s
apartment on North 3rd Street.  When the group arrived at the apartment complex,
Eldredge parked the van along a curb and privacy fence.  She placed the van in
“park” and exited the vehicle while the engine continued to run.  Eldredge
walked in front of and away from the van along the privacy fence located next
to the curb where she parked the van.  As Miles was exiting the van, he offered
to let appellant stay with him because appellant was also intoxicated.  Miles
testified that appellant suddenly jumped into the driver’s seat and “just took
off” as Miles was attempting to exit the van.  As he was driving the van,
appellant drove up on the curb and struck the privacy fence with the van’s front
bumper.  He also struck Eldredge with the hood and right front quarter panel of
the van causing her to be  dragged along the privacy fence.  Eldredge died as a
result of her injuries.  Miles also suffered physical injuries as a result of
appellant’s actions.

            The
trial court submitted the lesser included charge of manslaughter in the court’s
charge to the jury along with the two murder charges alleged in the indictment. 
The jury found appellant guilty of only manslaughter.

Sufficiency of the Evidence

In
his first issue, appellant challenges the legal and factual sufficiency of the
evidence to support his conviction for manslaughter.  To determine if the
evidence is legally sufficient, we
must review all of the evidence in the light most favorable to the verdict and
determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443
U.S. 307, 319 (1979); Hooper v. State, 214 S.W.3d 9, 13 (Tex. Crim. App.
2007); Jackson v. State, 17 S.W.3d 664, 667 (Tex. Crim. App. 2000). To
determine if the evidence is factually sufficient,
the appellate court reviews all of the evidence in a neutral light. Watson
v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006) (overruling in part Zuniga
v. State, 144 S.W.3d 477 (Tex. Crim. App. 2004)); Johnson v. State, 23
S.W.3d 1, 10-11 (Tex. Crim. App. 2000); Cain v. State, 958 S.W.2d 404,
407-08 (Tex. Crim. App. 1997); Clewis v. State, 922 S.W.2d 126, 129
(Tex. Crim. App. 1996). Then, the reviewing court determines whether the
evidence supporting the verdict is so weak that the verdict is clearly wrong
and manifestly unjust or whether the verdict is against the great weight and
preponderance of the conflicting evidence. Watson, 204 S.W.3d at 414-15;
Johnson, 23 S.W.3d at 10-11. The jury, as the finder of fact, is the
sole judge of the weight and credibility of the witnesses’ testimony. Tex. Code Crim. Proc. Ann. art. 36.13
(Vernon 2007), art. 38.04 (Vernon 1979).

The
Penal Code provides that a person commits manslaughter in the following manner:
 “A person commits an offense if he recklessly causes the death of an
individual.” Tex. Penal Code Ann.
§ 19.04(a) (Vernon 2003).  The requisite culpable mental state is defined by
the Penal Code as:

            A person
acts recklessly, or is reckless, with respect to circumstances surrounding his
conduct or the result of his conduct when he is aware of but consciously
disregards a substantial and unjustifiable risk that the circumstances exist or
the result will occur. The risk must be of such a nature and degree that its
disregard constitutes a gross deviation from the standard of care that an ordinary
person would exercise under all the circumstances as viewed from the actor’s
standpoint.

 

Tex. Penal Code Ann. § 6.03(c) (Vernon 2003). 
Appellant presents the following argument in support of his evidentiary claims:

The
Appellant would submit that the evidence fails to show a level of culpability
higher than criminal negligence.  There is no evidence that the vehicle was
traveling at a high rate of speed or that he was aware that Ms. Eldridge (sic)
was in front of the van when he drove away.  The evidence does not show that
the Appellant was aware of the risk of his conduct but consciously chose to
disregard it.

 

Mental
culpability is of such a nature that it generally must be inferred from the
circumstances under which the prohibited act occurred. Dillon v. State,
574 S.W.2d 92, 94 (Tex. Crim. App. 1978); Russo v. State, 228 S.W.3d
779, 793 (Tex. App.—Austin 2007, pet. ref’d); Skillern v. State, 890
S.W.2d 849, 880 (Tex. App.—Austin 1994, pet. ref’d). A culpable mental state
may be inferred by the trier of fact from the acts, words, and conduct of the
accused. Dues v. State, 634 S.W.2d 304, 306 (Tex. Crim. App. 1982);
Skillern, 890 S.W.2d at 880; Fuentes v. State, 880 S.W.2d 857,
860 (Tex. App.—Amarillo 1994, pet. ref’d).   The question presented here is whether
there was some evidence in the record of appellant’s trial that would permit a
rational jury to find beyond a reasonable doubt that he possessed the requisite
culpable mental state of recklessness.  Recklessness requires the conscious
disregard of a substantial and unjustifiable risk created by the actor’s
conduct. Whether the actor is aware of the requisite risk is a conclusion to be
reached by the trier of fact from all the evidence and the inferences drawn
therefrom.  See In re E.U.M., 108 S.W.3d 368, 370 (Tex. App.—Beaumont
2003, no pet.). “The issue is not one of theoretical possibility, but one of
whether, given all the circumstances, it is reasonable to infer that the
particular individual on trial was in fact aware of the risk.” Dillon,
574 S.W.2d at 95. A defendant, however, need not be aware of the specific risk
of another’s death in order to commit manslaughter. Trepanier v. State,
940 S.W.2d 827, 829 (Tex. App.—Austin 1997, pet. ref’d).

The
record reflects that appellant drove the van despite being intoxicated at the
time.   In this regard, voluntary intoxication does not constitute a defense to
the commission of the crime.  Tex. Penal
Code Ann. § 8.04(a) (Vernon 2003).  He began driving the van soon after
Eldredge exited the vehicle.  Appellant struck her with the hood and right
front quarter panel of the van while she was located in front of the van.  He
caused the van to jump a curb and drive into the privacy fence as he drove the
van.  He obviously did not keep a proper lookout, and he failed to control the
van in a safe manner.  In the process, he struck Eldredge with the van, causing
her death.  “At the heart of reckless conduct is conscious disregard of the
risk created by the actor’s conduct.”  Lewis v. State, 529 S.W.2d 550, 553 (Tex.
Crim. App. 1975).  

Viewing
all the evidence in the light most favorable to the jury’s verdict, we conclude
that a rational trier of fact could have found beyond a reasonable doubt that
appellant acted recklessly when he voluntarily created a substantial and
unjustifiable risk that he disregarded when he struck appellant with the van. 
The fact that there is no evidence that appellant was driving at a high rate of
speed is of little consequence because he obviously drove the van at a speed
capable of killing Eldredge when he struck her.  Additionally, the jury had
ample evidence to infer that appellant should have been aware of Eldredge’s
location in relation to the van.  Accordingly, appellant’s conviction for
manslaughter is supported by legally sufficient evidence. 

With
respect to the factual sufficiency of the evidence, the evidence supporting the
jury’s verdict is not so weak as to render it clearly wrong and manifestly
unjust.  Furthermore, the jury’s verdict is not against the great weight and
preponderance of the conflicting evidence.  In this regard, no evidence was
presented from any source contrary to that outlined in this opinion.  Thus,
viewing all the evidence in a neutral light and giving deference to the jury’s
verdict, we reject appellant’s contention that the evidence is factually
insufficient to sustain his conviction.  Appellant’s first issue is overruled.

Deadly Weapon Finding

Appellant
asserts in his second issue that the trial court erred in making an affirmative
deadly weapon finding in the court’s written judgment without an express
finding by the jury to a special issue on the use of a deadly weapon.  The
resolution of this issue is controlled by the holding in Lafleur v. State,
106 S.W.3d 91 (Tex. Crim. App. 2003).  The court in Lafleur reaffirmed
its previous holding in Polk v. State, 693 S.W.2d 391 (Tex. Crim. App.
1985), that there must be an express finding of a deadly weapon when the jury
is the factfinder.  106 S.W.3d at 92.  However, the court disagreed with its
previous holding in Davis v. State, 897 S.W.2d 791 (Tex. Crim. App.
1995), by holding: 

[C]ourts may look to
the application paragraph of a lesser-included offense to determine if the
express deadly weapon allegation in that portion of the jury charge matches the
deadly weapon allegation in the indictment for the charged offense.  If so, the
trial court may enter a deadly weapon finding in the judgment based upon the
jury’s verdict of guilt on the lesser-included offense.

 

Id.  

            Lafleur
involved a similar situation wherein the jury acquitted the defendant of
the charged offense of murder but convicted him of the lesser included offense
of manslaughter.  106 S.W.3d at 92-93.  The indictment in Lafleur
alleged that the defendant “did then and there intentionally and knowingly
cause the death of an individual, namely:  Keith Walker, hereafter styled the complainant,
by shooting the complainant with a deadly weapon, to-wit:  a firearm.”  Id.
at 92.  The application paragraph contained in the jury charge for the lesser
included offense of manslaughter read as follows:

Therefore,
if you believe from the evidence beyond a reasonable doubt that in Jefferson
County, Texas, on or about May 31, 1998, the defendant Michael Winn Lafleur,
did then and there recklessly cause the death of an individual, namely:  Keith
Walker, hereafter styled the complainant, by shooting complainant with a deadly
weapon, to-wit: a firearm, you shall find the defendant guilty of the lesser
included offense of Manslaughter.  

 

Id. at
93.  The trial court entered an affirmative finding in its written judgment
that the defendant used a deadly weapon.  

            The
court reasoned in Lafleur that, if the jury’s verdict of a lesser included
offense is based upon an application paragraph that explicitly and expressly
requires the jury to find that the defendant used a deadly weapon in the
commission of the offense, the underlying purpose of Polk has been
achieved.  Id. at 98.  Based upon this reasoning, the court determined
that the combination of:  (1) the indictment that alleged the use of a deadly
weapon; (2) the application paragraph of the jury charge of the lesser included
offense of manslaughter that required a finding, beyond a reasonable doubt,
that the appellant used a deadly weapon; and (3) the jury’s verdict that
appellant was guilty of the lesser included offense of manslaughter, constituted
an express finding that appellant used a deadly weapon to cause the victim’s
death.  Id. at 99.  

            The
same “combination” relied upon in Lafleur for an express finding on the
use of a deadly weapon exists in this case.  The indictment alleged that
appellant used a deadly weapon in the form of a motor vehicle to commit
murder.  The application paragraph for the lesser included offense of
manslaughter required a finding beyond a reasonable doubt that appellant used a
deadly weapon in the commission of the offense as follows:

Now,
if you find from the evidence beyond a reasonable doubt that on or about
December 22, 2007, in Taylor County, Texas, the defendant Jessie Earl Griffith, did recklessly
cause the death of an individual, Brenda Sue Eldredge by running over the said
Brenda Sue Eldredge with a deadly weapon, to-wit:  A Motor Vehicle, thereby
causing the death of the said Brenda Sue Eldredge, then you will find the
defendant, JESSIE EARL GRIFFITH, guilty of Manslaughter, a lesser included
offense. 

 

Lastly, the jury
found appellant guilty of the lesser included offense of manslaughter as
alleged in the application paragraph.  Thus, the jury made an express finding
that appellant used a deadly weapon in the commission of the offense of
manslaughter under the holding in Lefleur.

Appellant
asserts that Lefleur is distinguishable because the weapon at issue in Lefleur
(a firearm) was a deadly weapon per se.  See Tex. Penal Code Ann. § 1.07(17)(A)
(Vernon Supp. 2009).  We disagree.  In accordance with Tex. Penal Code Ann. § 1.07(17)(B) (Vernon Supp. 2009), the jury
charge in the instant appeal defined “deadly weapon” as “anything that in the
manner of its use or intended use is capable of causing death or serious bodily
injury.”  We must assume that the jury followed the instructions as set forth
in the jury charge.  See Miles v. State, 204 S.W.3d 822, 827-28 (Tex. Crim.
App. 2006).  Accordingly, the jury’s finding of guilt on the lesser included
charge of manslaughter also constituted a finding that the motor vehicle
constituted a deadly weapon under the applicable definition.  

Moreover,
the Texas Court of Criminal Appeals recently held in Crumpton v. State, 301
S.W.3d 663, 664 (Tex. Crim. App. 2009), that a guilty verdict of homicide necessarily
is a finding that a deadly weapon was used.  See Tex. Penal Code Ann. § 19.01(b) (Vernon 2003) (manslaughter
constitutes homicide).  Under Crumpton, the jury’s determination that
appellant committed manslaughter necessarily constituted a finding that he used
something that in the manner of its use was capable of causing – and did cause
– death.   Therefore, the verdict of manslaughter was an adequate basis for the
trial court’s entry of the deadly weapon finding in the judgment.  Appellant’s
second issue is overruled.

This
Court’s Ruling

             The
judgment of the trial court is affirmed.

            

 

 

                                                                                                TERRY
McCALL

                                                                                                JUSTICE

 

June 10, 2010

Publish.  See
Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.