**Lee YATES, Sr., Appellant**

**v.**

**The STATE of Texas, Appellee.**

**No. 04–01–00588–CR.**

Court of Appeals of Texas,
San Antonio.

March 17, 2004.

---

Jacquelyn L. Snyder, Adkins, for appellant.

Claire McGuinness, Carrie Moy, Assistant District Attorney, Jourdanton, Matthew W. Paul, State's Prosecuting Attorney, Jeffrey L. Van Horn, First Assistant State's Attorney, Austin, for appellee.

Sitting: CATHERINE STONE, Justice, PAUL W. GREEN, Justice, SANDEE BRYAN MARION, Justice.

## OPINION

Opinion by CATHERINE STONE, Justice.

Appellant Lee Yates, Sr. appeals his conviction for manslaughter, challenging the district court's affirmative finding of a deadly weapon. Yates contends the jury's verdict did not present an express finding of a deadly weapon, thereby precluding the trial court from entering a deadly weapon finding. In light of the court of criminal appeals's recent holding in *Lafleur v. State*, 106 S.W.3d 91 (Tex.Crim.App.2003), we disagree and affirm the trial court's judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

Yates was charged with murder in two paragraphs and was convicted by a jury of manslaughter as a lesser included offense. The jury sentenced him to twenty (20) years in prison and imposed a $5,000 fine. The trial court included a deadly weapon finding in the judgment. On direct appeal, Yates argued that the trial court erred in its affirmative finding of the use of a deadly weapon. This court, relying on *Davis v. State*, 897 S.W.2d 791 (Tex.Crim.App.1995) and *Polk v. State*, 693 S.W.2d 391 (Tex. Crim.App.1985), affirmed the conviction, but modified the judgment by deleting the affirmative finding of the deadly weapon because the verdict did not include the phrase "guilty as charged in the indictment." *Yates v. State*, No. 04–01–00588–CR, 2003 WL 56920, *1 (Tex.App.-San Antonio Jan. 8, 2003) (not designated for publication) *vacated by* No. 0303–03, 2003 WL 22097263 (Tex.Crim.App. Sept. 10, 2003) (not designated for publication). Subsequent to our ruling, the court of criminal appeals overruled *Davis* in *Lafleur*. *Lafleur*, 106 S.W.3d at 99. The case is now before us on remand from the court of criminal appeals, and we must determine whether the trial court erred by entering an affirmative finding that Yates used a deadly weapon in the commission of the offense.

### DISCUSSION

Yates was charged with murder in two paragraphs. The first paragraph in the indictment charged that Yates did "intentionally or knowingly cause the death of an individual, namely Jamie Bracey, by shooting him with a firearm." The second charged that Yates did, "with intent to cause serious bodily injury to an individu-

al, namely Jamie Bracey, commit an act clearly dangerous to human life, to-wit: pointing a loaded firearm at Jamie Bracey and pulling the trigger of said firearm, that caused the death of said Jamie Bracey."

The jury charge application paragraph for manslaughter read that Yates "did then and there recklessly cause the death of an individual, namely, Jamey Bracey, by shooting him with a firearm." The jury found Yates guilty of the lesser included offense of manslaughter, with the verdict reading "We, the Jury, find the defendant ... guilty of the lesser offense of manslaughter, as charged." The trial court included in the judgment an affirmative finding of a deadly weapon.

■ The court of criminal appeals has recently reaffirmed its long standing holding that when the jury is the factfinder, the trial court cannot enter a deadly weapon finding in the judgment unless the jury made an express finding of a deadly weapon. *Lafleur*, 106 S.W.3d at 92. In determining whether an express finding has been made, "courts may look to the application paragraph of a lesser-included offense to determine if the express deadly weapon allegation in that portion of the jury charge matches the deadly weapon allegation in the indictment for the charged offense. If so, the trial court may enter a deadly weapon finding in the judgment based upon the jury's verdict of guilt on the lesser-included offense." *Id.* Under *Lafleur*, and its earlier decision in *Polk*, an express deadly weapon finding can be established by looking at the indictment, the jury verdict, and the jury charge application paragraph together. *Id.* at 98.

■ Yates contends that because there was no exact match between the deadly weapon language in the indictment manslaughter paragraph ("pointing a loaded firearm at Jamie Bracey and pulling the trigger of said firearm ...") and the deadly weapon language in the jury charge application paragraph on manslaughter ("shooting him with a firearm ..."), the jury did not make an express deadly weapon finding, thereby precluding the trial court from making an affirmative deadly weapon finding. Yates argues that *Lafleur* requires the application paragraph for manslaughter to exactly track the applicable charge in the indictment for manslaughter. Yates further argues that because the deadly weapon language in the application paragraph for manslaughter strictly tracked only the first paragraph of the indictment (murder) and not the second paragraph (manslaughter), the factfinder was prevented from expressly making a deadly weapon finding.

■ We disagree. *Lafleur* never addresses the need to track the exact deadly weapon phrasing from the indictment to the application paragraph in order for the trial court to make an affirmative finding of the use of a deadly weapon. Rather, the jury charge is compared with the indictment only to determine if the "trial judge has the authority to enter a deadly weapon finding based upon express 'deadly weapon' language in the application paragraph of the lesser-included offense." *Id.* at 92, n. 6. In other words, the question before a trial court is whether the application paragraph explicitly and expressly required the jury to affirmatively conclude that the defendant used a deadly weapon in the commission of the offense. *Id.* at 98.

In this case, the deadly weapon language used in the two alternative application paragraphs both allege Yates's use of a deadly weapon. The deadly weapon language in the application paragraph explicitly and expressly required the jury to find that Yates used a deadly weapon. *See, e.g., Parker v. State,* 119 S.W.3d 350, 358 (Tex.App.-Waco 2003, pet. ref'd) (relying

on *Lafleur* to determine that an application paragraph adequately describing the use of a deadly weapon, combined with a guilty verdict, was sufficient to constitute an "affirmative finding" by the trial court). Accordingly, the trial court did not err in entering a deadly weapon finding in the judgment.

Yates further argues that his case is distinguishable from *Lafleur* because in *Lafleur* there was only one deadly weapon allegation in the application paragraph to compare with the indictment. In the present case, the indictment contained two alternative deadly weapon allegations, while the application paragraph used the same deadly weapon language from the first paragraph of the indictment for both paragraphs. However, as reasoned above, each paragraph required the factfinder to determine that a deadly weapon was used. It is immaterial that the application paragraphs in *Lafleur* contained only one deadly weapon allegation. It is only material that the application paragraph that correlates with the jury's verdict contains deadly weapon language, requiring the jury to find that a deadly weapon was used.

### CONCLUSION

In consideration of *Lafleur*, because the language in the application paragraph of the jury charge adequately described the use or exhibition of a deadly weapon, the trial court was justified in determining that the jury's verdict of guilty, combined with the application paragraph and the indictment, constituted an affirmative finding that Yates used a deadly weapon in the commission of the offense of manslaughter. The trial court therefore properly entered a deadly weapon finding in the judgment. The judgment of the trial court is affirmed.