IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-62,571-01






EX PARTE LEE YATES, SR., Applicant


 








ON APPLICATION FOR WRIT OF HABEAS CORPUS

CAUSE NUMBER 01-03-045-CRW-A IN THE 81ST

DISTRICT COURT WILSON COUNTY 



 

 


 Per Curiam.


 


O R D E R



 This is an application for a writ of habeas corpus that was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07 of the Texas Penal
Code. Ex parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was
convicted by a jury of manslaughter. He was sentenced to prison for twenty years and a
$5000 fine. The conviction was affirmed on direct appeal. Yates v. State, No. 136 S.W.3d
262 (Tex. App.--San Antonio 2004)

 In this application for a writ of habeas corpus, Applicant contends, inter alia, that his
trial counsel was ineffective. Specifically, he alleges as follows: (1) that his counsel failed
to object to the jury charge that incorrectly defined recklessness, the culpable mental state
for manslaughter; (2) that his counsel failed to object to the jury charge that incorrectly
omitted an instruction regarding parole law; (3) that his counsel failed to object to the
exclusion of evidence concerning the victim that was favorable to the defense and the issue
of self-defense; and (4) that counsel opened the door to and allowed the introduction of
evidence concerning alleged connections, associations, and communications with pro-white
organizations or persons.

 The trial court has not entered findings of fact and conclusions of law, and it is this
Court's opinion that additional information is needed before this Court can render a decision
on these grounds for review, including an affidavit from trial counsel addressing Applicant's
ineffective assistance of counsel claims. The record to this Court shall also be supplemented
to include the jury charge at guilt/innocence, any motions in limine filed, any ruling on such
motions, and any exhibits, transcripts of testimony, or other documents the court deems
pertinent to Applicant's claims.

 Because this Court cannot hear evidence, Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum. The trial court shall resolve
these issues as set out in Article 11.07, Section 3(d), of the Texas Code of Criminal
Procedure, in that it shall order affidavits. The trial court may also order depositions,
interrogatories, or hold a hearing. In the appropriate case, the trial court may rely on its
personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent, and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Article 26.04
of the Texas Code of Criminal Procedure, appoint an attorney to represent him at the hearing. 
 Following the receipt of additional information, the trial court shall determine whether
Applicant was denied effective assistance of counsel, and the trial court shall make any
further findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's application for habeas corpus relief. Further, because this Court
does not hear evidence, Ex parte Rodriguez, 334 S.W.2d at 294, this application for a post-conviction writ of habeas corpus will be held in abeyance pending the trial court's
compliance with this order. Resolution of the issues shall be accomplished by the trial court
within 90 days of the date of this order. (1) A supplemental transcript containing all affidavits
and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition along with the trial court's supplemental findings of fact and conclusions of law,
and other documents, shall be returned to this Court within 120 days of the date of this
order. (2)




DELIVERED: December 14, 2005

DO NOT PUBLISH


 
1. [1] In the event any continuances are granted, copies of the order granting the
continuance should be provided to this Court.
2. [2] Any extensions of this time period should be obtained from this Court.