Opinion issued April 24, 2008













     




In The
Court of Appeals
For The
First District of Texas




NO. 01-07-00548-CR




ABRAHAM ORTEGA, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 179th District Court
Harris County, Texas
Trial Court Cause No. 1037449




MEMORANDUM OPINION

          Appellant, Abraham Ortega, was charged with capital murder for committing
a murder in the course of committing a robbery. See Tex. Pen. Code Ann. § 19.03
(Vernon Supp. 2007). The State did not seek the death penalty. A jury found
appellant guilty of the lesser-included offense of murder and assessed punishment at
confinement for life. The trial court entered an affirmative finding of a deadly
weapon.
          In his sole issue on appeal, appellant contends that the trial court erred by
entering an affirmative finding of a deadly weapon because the jury did not make an
express finding regarding his use of a deadly weapon. 
          We affirm.Background
          On the evening of August 16, 2005, appellant accepted a ride to a nightclub
from the complainant, William Hall, whom appellant did not know. When the men
left the nightclub, they bought beer and went to Hall’s apartment. At the apartment,
Hall made a physical advance toward appellant that appellant rebuffed. A fight
ensued, during which Hall sustained fatal injuries—including gunshot wounds, stab
wounds, and blunt force trauma. Upon realizing that Hall was dead, appellant left in
Hall’s car to buy gasoline, planning to set fire to the apartment to cover up the
incident. A neighbor, who heard the fight and the gunshots, called the police. 
Appellant was stopped by the police on his way back to Hall’s apartment.
          At trial, Dr. R.P. Milton, Jr., of the Harris County Medical Examiner’s Office,
testified that Hall sustained gunshot wounds to his face and chest, and that the wound
to the chest passed through a lung and would have been fatal. Dr. Milton also
testified that Hall had been stabbed numerous times, that two of the wounds to Hall’s
neck had “fatal potential,” and that one of the stab wounds to Hall’s chest perforated
his heart and would have been fatal. Further, Dr. Milton testified that Hall was beaten
in the face, head, and body with a blunt object. Dr. Milton testified that the cause of
death was “gunshot wounds of the head and chest with perforation of the right lung
and sharp force injuries of the neck and chest with blunt impact trauma of the head.”
Dr. Milton testified that he could not determine the order of the wounds, but that any
one of them would have caused Hall’s death.
          As fully laid out below, appellant was indicted for capital murder, and the jury
found him guilty of the lesser-included offense of murder. The trial court entered an
affirmative finding that a deadly weapon was used in the commission of the offense.
Deadly Weapon Finding
          Appellant contends that the trial court erred by entering an affirmative finding
of a deadly weapon because the jury did not make an express finding regarding the
use of a deadly weapon.  
          In a jury trial, it is the mandatory duty of the trial court to enter a separate and
specific deadly weapon finding in the judgment if the jury makes an affirmative
finding that the defendant used or exhibited a deadly weapon, as defined in section
1.07 of the Penal Code, in the course of committing the offense charged or in
immediate flight from the commission of the offense. Tex. Code Crim. Proc. Ann. 
art. 42.12, § 3g(a)(2) (Vernon Supp. 2007); see Tex. Pen. Code Ann. § 1.07(17)
(Vernon Supp. 2007) (defining deadly weapon” as a firearm or “anything that in the
manner of its use or intended use is capable of causing death or serious bodily
injury”). On an affirmative finding that the deadly weapon was a firearm, the court
must enter that finding in its judgment. Tex. Code Crim. Proc. Ann. art. 42.12,
§ 3g(a)(2). “Affirmative finding” means an “express determination” by the jury that
a deadly weapon was actually used or exhibited during the commission of the
offense.


 Id. A trial court may not enter an “implied” deadly weapon finding based
solely upon its own assessment of the evidence and a general guilty verdict. Lefleur
v. State, 106 S.W.3d 91, 94–95 (Tex. Crim. App. 2003). 
          Under Polk, when a jury is the fact-finder, an affirmative finding is made when
(1) the indictment includes an allegation of a “deadly weapon” and the jury verdict
reads “guilty as charged in the indictment”; (2) the indictment does not allege a
“deadly” weapon, but the weapon alleged in the indictment is a deadly weapon per
se and the verdict states that the defendant is guilty “as charged in the indictment”;
or (3) the jury affirmatively answers a special issue on deadly weapon use. See id. at
95–96 & n.26 (applying Polk v. State, 693 S.W.2d 391, 396 (Tex. Crim. App. 1985)). 
          In Lafleur, the court of criminal appeals expanded on Polk to include that, in
determining whether an express finding has been made, 
courts may look to the application paragraph of a lesser-included offense
to determine if the express deadly weapon allegation in that portion of
the jury charge matches the deadly weapon allegation in the indictment
for the charged offense. If so, the trial court may enter a deadly weapon
finding in the judgment based upon the jury’s verdict of guilt on the
lesser-included offense. 
 
Id. at 92.
 
          Here, appellant was charged with capital murder in a two-paragraph indictment. 
The first paragraph alleged that appellant, “while in the course of committing and
attempting to commit the robbery of [Hall], intentionally cause[d] the death of [Hall]
by shooting [Hall] with a deadly weapon, namely, a firearm.” The second paragraph
alleged that appellant, “while in the course of committing and attempting to commit
the robbery of [Hall], intentionally cause[d] the death of [Hall] by stabbing [Hall]
with a deadly weapon, namely, a knife.” 
          The charge to the jury included an instruction on the definition of a deadly
weapon. The application paragraphs stated as follows in pertinent part: 
Now, if you find from the evidence beyond a reasonable doubt
that on or about the 16th day of August, 2005, in Harris County, Texas,
[appellant] did then and there unlawfully, while in the course of
committing or attempting to commit the robbery of [Hall], intentionally
cause the death of [Hall] by shooting [Hall] with a deadly weapon,
namely a firearm; or
If you find from the evidence beyond a reasonable doubt that . . . 
[appellant] did then and there unlawfully while in the course of
committing or attempting to commit the robbery of [Hall], intentionally
cause the death of [Hall] by stabbing [Hall] with a deadly weapon,
namely a knife, then you will find [appellant] guilty of capital murder,
as charged in the indictment.
Unless you find from the evidence beyond a reasonable doubt, or
if you have a reasonable doubt thereof, you will acquit [appellant] of
capital murder and next consider whether [appellant] is guilty of the
lesser offense of murder.
Therefore, if you find from the evidence beyond a reasonable
doubt that . . . [appellant] did then and there unlawfully, intentionally or
knowingly cause the death of [Hall] by shooting [Hall] with a deadly
weapon, namely a firearm; or
If you find from the evidence beyond a reasonable doubt that . . .
[appellant], did then and there unlawfully intend to cause serious bodily
injury to [Hall] and did cause the death of [Hall] by intentionally or
knowingly committing an act clearly dangerous to human life, namely,
by shooting [Hall] with a deadly weapon, namely a firearm; or,
If you find from the evidence beyond a reasonable doubt that . . .
[appellant] did then and there unlawfully, intentionally or knowingly
cause the death of [Hall] by stabbing [Hall] with a deadly weapon,
namely a knife; or
If you find from the evidence beyond a reasonable doubt that . . . 
[appellant], did then and there unlawfully intend to cause serious bodily
injury to [Hall] and did cause the death of [Hall] by intentionally or
knowingly committing an act clearly dangerous to human life, namely,
by stabbing [Hall] with a deadly weapon, namely a knife, then you will
find [appellant] guilty of murder.

 
The jury was also charged that it could find appellant guilty of the lesser-included
offense of aggravated assault.

 
          The jury found appellant guilty of the lesser-included offense of murder by a
verdict reading, “We, the Jury, find the Defendant, Abraham Ortega, guilty of
murder.” The trial court entered an affirmative finding of a deadly weapon in the
written judgment. 

          Appellant contends that the trial court erred because the jury did not make an
express finding regarding the use of a deadly weapon. Appellant contends that there
was not a special issue submitted to the jury and the verdict fails to include the
language “as charged in the indictment.” 

          The record does not reflect that a special issue was submitted. However, the
court of criminal appeals has already determined that a verdict containing the
language “as charged in the indictment” is not necessary to support an affirmative
finding of a deadly weapon. 

          In LaFleur, the appellant was charged with murder “by shooting the
complainant with a deadly weapon, to-wit: a firearm.” Id. The jury charge application
paragraph for the lesser-included offense of manslaughter read: “Therefore, if you
believe . . . that . . . the defendant . . . did then and there recklessly cause the death of
an individual . . . by shooting complainant with a deadly weapon, to-wit: a firearm,
you shall find the defendant guilty of the lesser included offense of manslaughter.” 
Id. at 93 (emphasis added.) The jury’s verdict read: “We, the jury, find the defendant
not guilty of murder as charged in the indictment, but guilty of the lesser included
offense of manslaughter.” (Emphasis omitted.) Id. The trial court entered an
affirmative finding that appellant used a deadly weapon. Id.

          There, as in the instant case, the appellant complained on appeal that the trial
court erred by entering an affirmative finding. The appellate court noted that the
jury’s verdict failed to state that it had found the appellant guilty of manslaughter “as
alleged in the indictment,” but the court reasoned that the jury’s verdict could not
have included the words “as charged in the indictment” because the appellant was not
indicted for manslaughter. Id. The court of criminal appeals agreed, reasoning that
Polk was never intended to address the issue of a deadly weapon finding in the
context of a lesser-included offense and that, where a guilty verdict on a lesser-included offense is the result, “the verdict form will never read ‘guilty as charged in
the indictment.’” Id. at 96–97. The court concluded that if the jury’s verdict of guilt
on a lesser-included offense is based on an application paragraph that expressly
requires the jury to have found that the defendant used a deadly weapon in the
commission of the offense, then the underlying purpose of Polk has been achieved. 
Id. at 98.

          Here, the indictment for capital murder and the charge on the lesser-included
offense of murder contain express deadly weapon allegations. The charge includes
the statutory definition of a “deadly weapon.” The jury found appellant guilty of the
lesser-included offense of murder. The jury’s verdict necessarily included a finding
that appellant used a deadly weapon because both of the application paragraphs for
the offense of murder required the jury to determine that a deadly weapon was used. 

          Appellant contends that “[t]here is no finding by the jury concerning what
instrument was used to cause [Hall’s] death.” Appellant seems to urge that, because
the indictment contains two alternative deadly weapon allegations, an affirmative
finding depends on the jury having made an express determination regarding which
weapon, if either, caused Hall’s death first. Appellant points to the testimony of the
medical examiner stating that Hall died from gunshot wounds, stab wounds, and
beatings with a blunt object; that the order of the wounds could not be ascertained;
and that any one of which would have caused Hall’s death.

          Again, article 42.12 requires the entry of a deadly weapon finding in the
judgment if the jury makes an affirmative finding that the defendant simply “used or
exhibited a deadly weapon” in the course of committing the offense charged. Tex.
Code Crim. Proc. Ann. art. 42.12, § 3g(a)(2); Tex. Pen. Code Ann. § 1.07(17)
(defining “deadly weapon” as a firearm or “anything that in the manner of its use or
intended use is capable of causing death or serious bodily injury”); Banargent v.
State, 228 S.W.3d 393, 398–99 (Tex. App.—Houston [14th Dist.] 2007, no pet.)
(considering testimony on nature of wounds as establishing knife as deadly weapon). 
The critical inquiry is whether the application paragraph that correlates with the jury’s
verdict contains deadly weapon language. See Yates v. State, 136 S.W.3d 262, 265
(Tex. App.—San Antonio 2004, pet. ref’d) (applying Lafleur). Here, each paragraph
required the jury to determine that a deadly weapon was used. See id. 

          We conclude the trial court did not err when it entered an affirmative finding
of a deadly weapon in the judgment.

          Accordingly, appellant’s issue is overruled.

Conclusion

          We affirm the judgment of the trial court. 











                                                             Laura Carter Higley

                                                             Justice

 
Panel consists of Justices Nuchia, Hanks, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).