**Daniel Lee RATTHAMONE, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–02–032–CR.**

Court of Appeals of Texas, Fort Worth.

July 3, 2003.

---

Ken Gordon, Fort Worth, for appellant.

Tim Curry, Criminal D.A., Charles M. Mallin, Asst. Criminal D.A. and Chief of Appellate Section, Tanya Sue Dohoney, Gregory Miller, Camille Sparks, Asst. Criminal D.A.'s, Fort Worth, for appellee.

PANEL F: CAYCE, C.J.; DAUPHINOT and HOLMAN, JJ.

## OPINION

JOHN CAYCE, Chief Justice.

Appellant Daniel Lee Ratthamone was convicted of murder based on his open plea of guilty and punishment was assessed at seventy years' confinement. In his sole issue on appeal, appellant asks us to reform the trial court's judgment to delete the deadly weapon finding because the jury did not affirmatively find that appellant used a deadly weapon to commit the murder. Because the record shows that the jury affirmatively found that appellant used a deadly weapon, we will affirm.

An "affirmative finding" concerning a deadly weapon is the trier of fact's express determination that a deadly weapon or firearm was actually used or exhibited during the commission of the offense. *Lafleur v. State,* 106 S.W.3d 91, 94 (Tex. Crim.App. 2003); *Polk v. State,* 693 S.W.2d 391, 393 (Tex.Crim.App.1985). The indictment, jury charge, verdict, and judgment are all relevant sources to consider in determining whether a jury made an express deadly weapon finding. *Lafleur,* 106 S.W.3d 91, 95, 98; *Polk,* 693 S.W.2d at 393. When, however, neither the indictment nor the jury charge contains any deadly weap-

on language, a trial court cannot enter an "implied" deadly weapon finding based solely upon its own assessment of the evidence and a general guilty verdict. *Lafleur*, 106 S.W.3d at 95.

In this case, the indictment contained deadly weapon language. It alleged that appellant "intentionally or knowingly cause[d] the death of an individual, Antonio Borrego, by shooting him with a deadly weapon, to-wit: a firearm." The application paragraph of the court's charge to the jury referred to this deadly weapon language, instructing the jury "to find the defendant guilty as charged in the indictment" based upon his plea of guilty to the charged offense. The jury returned a general verdict, stating: "We, the Jury, find the defendant, Daniel Lee Ratthamone, guilty of the offense of murder." Reading the indictment, jury charge, and verdict together, we conclude that the jury affirmatively found that appellant used a deadly weapon in committing the murder. *See id.* at 95 (noting that "sometimes 'an affirmative finding will arise as a matter of law'—as in when the instrument used is a *per se* deadly weapon, such as a pistol or a firearm") (quoting *Polk*, 693 S.W.2d at 394).

Relying on *Davis v. State*, the State concedes that the trial court's deadly weapon finding is erroneous—albeit harmless—because the jury did not make an affirmative finding that appellant used a deadly weapon or that he was guilty "as alleged in the indictment." *See Davis v. State*, 897 S.W.2d 791, 793 (Tex.Crim.App. 1995). In *Davis*, the trial court instructed the jury to find the defendant guilty of voluntary manslaughter only if he "intentionally or knowingly cause[d] the death of the deceased 'by shooting him with a deadly weapon, to-wit: a firearm[.]' " The jury found that the defendant was "guilty of the .

offense of voluntary manslaughter." *Id.* at 792–93. Because the jury's verdict did not specifically mention a deadly weapon or refer back to the indictment, the court of criminal appeals concluded that the jury had not made an express deadly weapon finding. *Id.* at 793. Recently, however, the court of criminal appeals has overruled *Davis* "to the extent that it would prohibit courts from referring to the application paragraph of the jury charge to determine if the jury has made an express deadly weapon finding." *Lafleur*, at 99. Accordingly, we decline to apply *Davis* to this situation.

Based on all of the foregoing, we overrule appellant's sole issue and affirm the trial court's judgment.