NO. 07-03-0192-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



MARCH 4, 2004


______________________________



RONNIE ROSS CRABTREE, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;



NO. 13,338-C; HON. PATRICK A. PIRTLE, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN and REAVIS, JJ., and BOYD, S.J. (1)

 In two issues, appellant Ronnie Ross Crabtree appeals his conviction for indecency
with a child. In those issues, he contends that 1) he was denied a fair and impartial hearing
when the trial court held a unitary hearing on both guilt and punishment, and 2) the
evidence was legally and factually insufficient to prove that he committed the crime in
September of 1987. We affirm the judgment of the trial court. 


Issue One - Unitary Proceeding


 In his first issue, appellant complains of the trial court holding one proceeding at
which both guilt and punishment were determined. This purportedly resulted in his having
"to defend himself against multiple allegations of sexual abuse when, in fact, he was
accused of only one crime." The unitary proceeding allegedly violated his constitutional
right to a fair and impartial trial. We overrule the issue.

 Appellant pled not guilty to the charged offense and waived his right to a jury. At
that time, the trial court announced to all that it "will not proceed in a bifurcated manner, but
we'll proceed in a unitary trial with the State offering its testimony, the Defense being given
an opportunity for a motion to direct verdict . . . then the State . . . gives punishment
evidence." No one uttered an objection, and the trial court did as it represented. 

 To preserve a complaint for appellate review, the complainant must object to the
purported error. Tex. R. App. P. 33.1(a)(1)(A); Saldano v. State, 70 S.W.3d 873, 891 (Tex.
Crim. App. 2002) (holding that failure to make an objection may waive constitutional error);
Nunez v. State, 117 S.W.3d 309, 319 (Tex. App.--Corpus Christi 2003, no pet.) (holding
that the failure to timely and specifically object at trial may waive even constitutional rights). 
Furthermore, the objection must be made as soon as the ground for same becomes
apparent. House v. State, 909 S.W.2d 214, 216 (Tex. App.-Houston [14th Dist.] 1995),
aff'd, 947 S.W.2d 251 (Tex. Crim. App. 1997). Appellant did not comply with these
directives here. The trial court expressly informed the litigants of its intent to conduct a
unitary proceeding, and no one complained at the time. Indeed, appellant waited until after
he was convicted and sentenced to broach the issue, and he did so via a motion for new
trial. But, that objection came too late. See Lopez v. State, 96 S.W.3d 406, 413-14 (Tex.
App.--Austin 2002, pet. ref'd) (holding that if a defendant is afforded an opportunity to
object to the lack of a separate punishment hearing, a motion for new trial will not preserve
error). So, appellant failed to preserve the purported error. 

 However, even if the objection had been preserved, we would remain obligated to
overrule the issue. This is so because the contention made was rejected in Barfield v.
State, 63 S.W.3d 446 (Tex. Crim. App. 2001). According to that case, the statute dealing
with bifurcated trial applies only when trial is to a jury upon a plea of not guilty. (2) Id. at 449;
Harris v. State, 125 S.W.3d 45, 52 (Tex. App.--Austin 2003, pet. dism'd, untimely filed). 
Trial was not to a jury here. 

Issue Two - Sufficiency of the Evidence


 In his second issue, appellant argues that the evidence was legally and factually
insufficient to show that he committed an offense in September of 1987. We overrule the
issue.

 The applicable standards of review are discussed in Jackson v. Virginia, 443 U.S.
307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), King v. State, 29 S.W.3d 556 (Tex. Crim. App.
2000), and Johnson v. State, 23 S.W.3d 1 (Tex. Crim. App. 2000). We refer the parties to
those opinions. 

 Appellant argues that the only evidence that any offense was committed during
September of 1987 was the uncorroborated testimony of the victim. The latter gave both
a written statement and testified at trial that appellant molested her (i.e. touched her
genitals and breasts and attempted to have her place her hand in his pants) four times
during that month. This is some evidence upon which a rational jury could find beyond
reasonable doubt that appellant did that with which he was charged. 

 That the child's testimony was purportedly uncorroborated did not render it deficient. 
At the time of the offense, a conviction could be obtained on the uncorroborated testimony
of the victim if the victim disclosed the offense to someone other than the defendant within
six months of the offense. (3) Act of May 26, 1983, 68th Leg., R.S., ch. 382 §1, 1983 Tex.
Gen. Laws 2090. However, it was unnecessary that the victim inform another person if the
victim was under the age of 14. Id.; Scoggan v. State, 799 S.W.2d 679, 682-83 (Tex. Crim.
App. 1990). Because the complainant was only 12 at the time of the offense at bar, her
testimony alone was competent to support conviction. 

 Nor does appellant's testimony wherein he denied molesting the child during
September of 1987, overwhelm that offered by the child. At best it created a material
question of fact for the trial court to resolve. Moreover, the reporter's record expressly
illustrates that the trial court considered the credibility of both the victim and appellant and
assessed the weight to be accorded their respective testimonies in making its
determination. And, as discussed in Johnson, unless the record "clearly reveals a different
result is appropriate," we must defer to the factfinder's credibility choices. Johnson v.
State, 23 S.W.3d at 8. The record does not so "clearly reveal [that] a different result is
appropriate" here. 

 In sum, the verdict enjoys the support of both legally and factually sufficient
evidence. And, because we overrule both issues, we also affirm the judgment of the trial
court.


 Brian Quinn

 Justice


Do not publish.

 

 




 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code
Ann. §75.002(a)(1) (Vernon Supp. 2004). 
2. Texas Code of Criminal Procedure art. 37.07 §2(a) provides that in all criminal cases other than
misdemeanor cases over which the justice court or municipal court has jurisdiction, which are tried to a jury
on a plea of not guilty, the judge shall first submit to the jury the issue of guilt or innocence of the defendant
without authorizing the jury to pass upon the punishment to be imposed. Tex. Code Crim. Proc. Ann. art.
37.07 §2(a) (Vernon Supp. 2004)
3. At the time of trial, the statute provided that the conviction is supportable on the uncorroborated
testimony of the victim if the victim informed any person, other than the defendant, within one year of the date
on which the offense is alleged to have occurred with the requirement of informing another person not applying
if the victim was 17 years of age or younger at the time of the alleged offense. Tex. Code Crim. Proc. Ann.
art. 38.07(a)(b) (Vernon Supp. 2004). 



t elected to allow the jury to assess his punishment. Following voir dire, he
entered a guilty plea, without a plea agreement. After excusing the jury and admonishing
appellant, the trial court accepted his plea. The court instructed the jury to find appellant
guilty and instructed them to find he used or exhibited a deadly weapon, a firearm. No
objection was made to the charge. The jury found appellant guilty “as charged in the
indictment,” and, via a special issue included on the verdict form, made the deadly weapon
finding.


 
 
          At the conclusion of the punishment evidence, the jury assessed punishment as
noted.


 This appeal followed.
Analysis
          Through two issues, appellant asserts there was no evidence to support the
affirmative deadly weapon finding and the court abused its discretion in striking a
prospective juror for cause.
Deadly Weapon Finding
          Before appellant entered his plea of guilty, the State read the one-count indictment,
including the paragraph entitled “deadly weapon notice.” Appellant’s contention on appeal
is that his plea of guilty applied only to the charging paragraph of the indictment, and the
court did not separately ask whether he acknowledged the truth of the deadly weapon
allegation. Thus, appellant argues, the guilty plea provides no support for the jury’s deadly
weapon finding. We disagree, and overrule the issue.
          It is well established that in felony cases, a plea of guilty before the jury admits the
existence of all elements necessary to establish guilt and, in such cases, the introduction
of evidence by the State is only to enable the jury to intelligently exercise the discretion
which the law vests in them to determine punishment. Addicks v. State, 15 S.W.3d 608,
612 (Tex.App.–Houston [14th Dist.] 2000, pet. ref’d) (citing Holland v. State, 761 S.W.2d
307, 312 (Tex.Crim.App. 1988)); see also Williams v. State, 674 S.W.2d 315, 318
(Tex.Crim.App. 1984) (noting that no evidence need be entered when appellant pleads
guilty before a jury; evidence is necessary for a guilty plea before the court only). In such
cases, the plea of guilty is conclusive as to the defendant's guilt and there is no question
of the sufficiency of the evidence on appeal. Ex parte Martin, 747 S.W.2d 789, 792
(Tex.Crim.App. 1988) (op. on reh’g); Ratthamone v. State, 111 S.W.3d 784, 785-86
(Tex.App.–Fort Worth 2003, no pet.); Stahle v. State, 970 S.W.2d 682, 688
(Tex.App.–Dallas 1998, pet. ref’d).
          Appellant cites us to no authority requiring that we dissect the deadly weapon notice
allegation from his plea of guilty in the manner his argument suggests. As noted, the single-count indictment, with its deadly weapon notice, was read immediately prior to his plea, and
nothing in the record suggests appellant’s plea of guilty applied to less than the entirety of
the indictment’s allegations. Cf. Rudnick v. State, No. 03-02-00767-CR, 2003 WL
22023435, *2 (Tex.App.–Austin, August 29, 2003) (mem. op.) (not designated for
publication) (defendant’s acknowledgment of guilt to “each and every allegation” of multiple-count indictment included deadly weapon allegation). A plea of guilty to an indictment that
includes an allegation the defendant used a deadly weapon authorizes an affirmative deadly
weapon finding.


 Meza v. State, No. 01-97-01345-CR, 1999 WL 11742 (Tex.App.–Houston
[1st Dist.] January 14, 1999, pet. ref’d) (mem. op., not designated for publication), citing
Alexander v. State, 868 S.W.2d 356, 361 (Tex.App.–Dallas 1993, no pet.) We find
appellant’s plea of guilty to this indictment supported the jury’s affirmative answer to the
special issue.


 
Striking of Prospective Juror
          During voir dire, a member of the venire indicated she had some trouble with the type
of case involved and the applicable range of punishment. She told the court she had a son
near the age of appellant. The State included her in its list of challenges for cause. 
Appellant objected. Counsel said, “I think she needs an opportunity to discuss,” and argued 
the panel member did not say she could not deliberate or be fair. The trial court and both
parties then questioned the prospective juror further, after which the trial court excused her
without objection from appellant.
          On appeal, appellant contends that the trial court abused its discretion in excusing
the prospective juror. Both the State and appellant cite Kemp v. State, 846 S.W.2d 289
(Tex.Crim.App. 1992). In Kemp, the defendant sought further questioning of a panel
member. After the further questioning, the State challenged the member for cause and the
trial court granted the State’s challenge without objection from the defendant. Id. at 302. 
The appellate court noted the settled rule that if an appellant does not object when a
member of the venire is excused for cause, the appellant may not challenge the trial court’s
decision on appeal. Id. It found that the defendant’s action seeking further questioning of
the panel member did not give the trial court an indication he was opposed to the court’s
ruling. We think the same is true here. Appellant’s objection sought further questioning of
the panel member but no objection was raised to her release from service after she was
questioned in detail. We find appellant’s issue presents nothing for our review. 
          Moreover, having reviewed the panel members’ responses during voir dire, we find
the court did not abuse its discretion by granting the State’s challenge for cause. Her
responses to the questions of counsel and the court were vacillating, equivocal and to some
extent contradictory. In reviewing a trial court's decision to dismiss a potential juror on a
sustained challenge for cause, considerable deference is given to the trial judge, who is in
the best position to evaluate the potential jurors; the judge benefits from observation of the
individual’s demeanor and responses while an appellate court has only the cold record. 
Chambers v. State, 866 S.W.2d 9, 22 (Tex.Crim.App. 1993), citing Cantu v. State, 842
S.W.2d 667, 681 (Tex.Crim.App. 1992). When the potential juror's answers are vacillating,
unclear or contradictory, the trial judge's observation is particularly important. Chambers,
866 S.W.2d at 22. In reviewing the trial judge's decision to sustain a challenge for cause,
we ask whether the totality of the voir dire testimony supports the trial judge's finding “that
the prospective juror is unable to take the requisite oath and follow the law as given by the
trial judge,” and only if a clear abuse of discretion is demonstrated will the trial judge's
decision be reversed. Id. Appellant’s second point of error is overruled. Having overruled
appellant’s points of error, we affirm the trial court’s judgment.  
James T. Campbell

Justice

 
Do not publish.