NO. 07-06-0460-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

NOVEMBER 25, 2008

_____

GARY JACK HELLA, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 53,278-E; HON. ABE LOPEZ, PRESIDING

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Gary Jack Hella plead guilty to the jury of the offense of attempted capital murder with a deadly weapon. The jury assessed punishment of thirty-five years confinement in the Institutional Division of the Texas Department of Criminal Justice.[1] Appellant presents two points of error. We will affirm the trial court's judgment.

_____

[1]The trial court cumulated appellant's sentence with his twelve-year sentence in another cause.

Procedural and Factual Background

During an early-morning encounter with police in April 2006, appellant pulled a .9 mm pistol and shot an Amarillo police officer. The bullet hit the officer's wristwatch and wrist. Appellant's attempted capital murder indictment included the allegation that, with the specific intent to commit the offense of capital murder, appellant attempted to intentionally or knowingly cause the death of the peace officer, "by shooting at him."[2] The indictment also included a Deadly Weapon Notice paragraph, alleging that "during the commission of this offense, the defendant did use or exhibit a deadly weapon, namely, a firearm."

Appellant elected to allow the jury to assess his punishment. Following voir dire, he entered a guilty plea, without a plea agreement. After excusing the jury and admonishing appellant, the trial court accepted his plea. The court instructed the jury to find appellant guilty and instructed them to find he used or exhibited a deadly weapon, a firearm. No objection was made to the charge. The jury found appellant guilty "as charged in the indictment," and, via a special issue included on the verdict form, made the deadly weapon finding.[3]

---

[2] *See* Tex. Penal Code Ann. § 19.03(a)(1) (Vernon 2005).

[3] The trier of fact is responsible for making a deadly weapon finding. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex.App.–Dallas, 1991, pet. ref'd), *modified by Lockett v. State*, 874 S.W.2d 810, 818 (Tex.App.–Dallas 1994, pet. ref'd). In a jury trial, the trial court is authorized to enter a deadly weapon affirmative finding in three instances: (1) where the indictment specifically alleges the words "deadly weapon"; (2) where the indictment names a weapon which is *per se* a deadly weapon and the verdict reads "guilty as charged in the indictment"; and (3) where a special issue is submitted to the trier of fact and answered affirmatively. *Polk v. State,* 693 S.W.2d 391, 395-96 (Tex.Crim.App. 1985).

At the conclusion of the punishment evidence, the jury assessed punishment as noted.[4]  This appeal followed.

Analysis

Through two issues, appellant asserts there was no evidence to support the affirmative deadly weapon finding and the court abused its discretion in striking a prospective juror for cause.

*Deadly Weapon Finding*

Before appellant entered his plea of guilty, the State read the one-count indictment, including the paragraph entitled "deadly weapon notice."  Appellant's contention on appeal is that his plea of guilty applied only to the charging paragraph of the indictment, and the court did not separately ask whether he acknowledged the truth of the deadly weapon allegation.  Thus, appellant argues, the guilty plea provides no support for the jury's deadly weapon finding.  We disagree, and overrule the issue.

It is well established that in felony cases, a plea of guilty before the jury admits the existence of all elements necessary to establish guilt and, in such cases, the introduction of evidence by the State is only to enable the jury to intelligently exercise the discretion which the law vests in them to determine punishment.  *Addicks v. State,* 15 S.W.3d 608, 612 (Tex.App.–Houston [14th Dist.] 2000, pet. ref'd) (*citing Holland v. State,* 761 S.W.2d

---

[4]*See* Tex. Penal Code Ann. § 12.32 (Vernon 2003) (setting forth punishment range for first degree felony at a term of imprisonment for life or not more than 99 years or less than five years).

307, 312 (Tex.Crim.App. 1988)); *see also Williams v. State,* 674 S.W.2d 315, 318 (Tex.Crim.App. 1984) (noting that no evidence need be entered when appellant pleads guilty before a jury; evidence is necessary for a guilty plea before the court only).  In such cases, the plea of guilty is conclusive as to the defendant's guilt and there is no question of the sufficiency of the evidence on appeal.  *Ex parte Martin,* 747 S.W.2d 789, 792 (Tex.Crim.App. 1988) (op. on reh'g); *Ratthamone v. State,* 111 S.W.3d 784, 785-86 (Tex.App.–Fort Worth 2003, no pet.); *Stahle v. State,* 970 S.W.2d 682, 688 (Tex.App.–Dallas 1998, pet. ref'd).

Appellant cites us to no authority requiring that we dissect the deadly weapon notice allegation from his plea of guilty in the manner his argument suggests.  As noted, the single-count indictment, with its deadly weapon notice, was read immediately prior to his plea, and nothing in the record suggests appellant's plea of guilty applied to less than the entirety of the indictment's allegations.  *Cf. Rudnick v. State*, No. 03-02-00767-CR, 2003 WL 22023435, *2 (Tex.App.–Austin, August 29, 2003) (mem. op.) (not designated for publication) (defendant's acknowledgment of guilt to "each and every allegation" of multiple-count indictment included deadly weapon allegation).  A plea of guilty to an indictment that includes an allegation the defendant used a deadly weapon authorizes an affirmative deadly weapon finding.[5] *Meza v. State*, No. 01-97-01345-CR, 1999 WL 11742 (Tex.App.–Houston

---

[5] Appellant analogizes to *Dorsey v. State*, 117 S.W.3d 332 (Tex.App.–Beaumont 2003, pet. ref'd), in which the appellate court reformed a judgment to delete a deadly weapon finding.  The murder indictment charged that the defendant caused "the shooting death" of the victim, "by shooting her."  The jury found the defendant guilty "as charged in the indictment," without an express finding as to the use of a deadly weapon.  *Id*. at 343.  By contrast, we find here that appellant plead guilty to an indictment that contained an explicit deadly weapon allegation.

[1st Dist.] January 14, 1999, pet. ref'd) (mem. op., not designated for publication), *citing Alexander v. State*, 868 S.W.2d 356, 361 (Tex.App.–Dallas 1993, no pet.)  We find appellant's plea of guilty to this indictment supported the jury's affirmative answer to the special issue.[6]

*Striking of Prospective Juror*

During voir dire, a member of the venire indicated she had some trouble with the type of case involved and the applicable range of punishment.  She told the court she had a son near the age of appellant.  The State included her in its list of challenges for cause.  Appellant objected.  Counsel said, "I think she needs an opportunity to discuss," and argued the panel member did not say she could not deliberate or be fair.  The trial court and both parties then questioned the prospective juror further, after which the trial court excused her without objection from appellant.

On appeal, appellant contends that the trial court abused its discretion in excusing the prospective juror.  Both the State and appellant cite *Kemp v. State*, 846 S.W.2d 289 (Tex.Crim.App. 1992).  In *Kemp*, the defendant sought further questioning of a panel member.  After the further questioning, the State challenged the member for cause and the trial court granted the State's challenge without objection from the defendant.  *Id*. at 302.

---

[6] As the State also notes, appellant testified on punishment.  During his testimony, he identified the pistol he used to shoot the officer, and acknowledged its deadly nature.  We express no opinion whether appellant's evidentiary sufficiency complaint with respect to the deadly weapon finding was foreclosed by his admission of use of a deadly weapon in the commission of the offense.  *See Leday v. State,* 983 S.W.2d 713, 725-26 (Tex.Crim.App. 1998).

The appellate court noted the settled rule that if an appellant does not object when a member of the venire is excused for cause, the appellant may not challenge the trial court's decision on appeal. *Id*. It found that the defendant's action seeking further questioning of the panel member did not give the trial court an indication he was opposed to the court's ruling. We think the same is true here. Appellant's objection sought further questioning of the panel member but no objection was raised to her release from service after she was questioned in detail. We find appellant's issue presents nothing for our review.

Moreover, having reviewed the panel members' responses during voir dire, we find the court did not abuse its discretion by granting the State's challenge for cause. Her responses to the questions of counsel and the court were vacillating, equivocal and to some extent contradictory. In reviewing a trial court's decision to dismiss a potential juror on a sustained challenge for cause, considerable deference is given to the trial judge, who is in the best position to evaluate the potential jurors; the judge benefits from observation of the individual's demeanor and responses while an appellate court has only the cold record. *Chambers v. State,* 866 S.W.2d 9, 22 (Tex.Crim.App. 1993), *citing Cantu v. State,* 842 S.W.2d 667, 681 (Tex.Crim.App. 1992). When the potential juror's answers are vacillating, unclear or contradictory, the trial judge's observation is particularly important. *Chambers,* 866 S.W.2d at 22. In reviewing the trial judge's decision to sustain a challenge for cause, we ask whether the totality of the voir dire testimony supports the trial judge's finding "that the prospective juror is unable to take the requisite oath and follow the law as given by the trial judge," and only if a clear abuse of discretion is demonstrated will the trial judge's

6

decision be reversed.  *Id.*  Appellant's second point of error is overruled.  Having overruled

appellant's points of error, we affirm the trial court's judgment.


James T. Campbell
Justice

Do not publish.