NO. 07-06-0460-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

NOVEMBER 25, 2008

______________________________


GARY JACK HELLA, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 53,278-E; HON. ABE LOPEZ, PRESIDING

_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ. 
MEMORANDUM OPINION
          Appellant Gary Jack Hella plead guilty to the jury of the offense of attempted capital
murder with a deadly weapon. The jury assessed punishment of thirty-five years
confinement in the Institutional Division of the Texas Department of Criminal Justice.


 
Appellant presents two points of error. We will affirm the trial court’s judgment.
 
Procedural and Factual Background
           During an early-morning encounter with police in April 2006, appellant pulled a .9
mm pistol and shot an Amarillo police officer. The bullet hit the officer’s wristwatch and
wrist. Appellant’s attempted capital murder indictment included the allegation that, with the
specific intent to commit the offense of capital murder, appellant attempted to intentionally
or knowingly cause the death of the peace officer, “by shooting at him.”


 The indictment
also included a Deadly Weapon Notice paragraph, alleging that “during the commission
of this offense, the defendant did use or exhibit a deadly weapon, namely, a firearm.”
          Appellant elected to allow the jury to assess his punishment. Following voir dire, he
entered a guilty plea, without a plea agreement. After excusing the jury and admonishing
appellant, the trial court accepted his plea. The court instructed the jury to find appellant
guilty and instructed them to find he used or exhibited a deadly weapon, a firearm. No
objection was made to the charge. The jury found appellant guilty “as charged in the
indictment,” and, via a special issue included on the verdict form, made the deadly weapon
finding.


 
 
          At the conclusion of the punishment evidence, the jury assessed punishment as
noted.


 This appeal followed.
Analysis
          Through two issues, appellant asserts there was no evidence to support the
affirmative deadly weapon finding and the court abused its discretion in striking a
prospective juror for cause.
Deadly Weapon Finding
          Before appellant entered his plea of guilty, the State read the one-count indictment,
including the paragraph entitled “deadly weapon notice.” Appellant’s contention on appeal
is that his plea of guilty applied only to the charging paragraph of the indictment, and the
court did not separately ask whether he acknowledged the truth of the deadly weapon
allegation. Thus, appellant argues, the guilty plea provides no support for the jury’s deadly
weapon finding. We disagree, and overrule the issue.
          It is well established that in felony cases, a plea of guilty before the jury admits the
existence of all elements necessary to establish guilt and, in such cases, the introduction
of evidence by the State is only to enable the jury to intelligently exercise the discretion
which the law vests in them to determine punishment. Addicks v. State, 15 S.W.3d 608,
612 (Tex.App.–Houston [14th Dist.] 2000, pet. ref’d) (citing Holland v. State, 761 S.W.2d
307, 312 (Tex.Crim.App. 1988)); see also Williams v. State, 674 S.W.2d 315, 318
(Tex.Crim.App. 1984) (noting that no evidence need be entered when appellant pleads
guilty before a jury; evidence is necessary for a guilty plea before the court only). In such
cases, the plea of guilty is conclusive as to the defendant's guilt and there is no question
of the sufficiency of the evidence on appeal. Ex parte Martin, 747 S.W.2d 789, 792
(Tex.Crim.App. 1988) (op. on reh’g); Ratthamone v. State, 111 S.W.3d 784, 785-86
(Tex.App.–Fort Worth 2003, no pet.); Stahle v. State, 970 S.W.2d 682, 688
(Tex.App.–Dallas 1998, pet. ref’d).
          Appellant cites us to no authority requiring that we dissect the deadly weapon notice
allegation from his plea of guilty in the manner his argument suggests. As noted, the single-count indictment, with its deadly weapon notice, was read immediately prior to his plea, and
nothing in the record suggests appellant’s plea of guilty applied to less than the entirety of
the indictment’s allegations. Cf. Rudnick v. State, No. 03-02-00767-CR, 2003 WL
22023435, *2 (Tex.App.–Austin, August 29, 2003) (mem. op.) (not designated for
publication) (defendant’s acknowledgment of guilt to “each and every allegation” of multiple-count indictment included deadly weapon allegation). A plea of guilty to an indictment that
includes an allegation the defendant used a deadly weapon authorizes an affirmative deadly
weapon finding.


 Meza v. State, No. 01-97-01345-CR, 1999 WL 11742 (Tex.App.–Houston
[1st Dist.] January 14, 1999, pet. ref’d) (mem. op., not designated for publication), citing
Alexander v. State, 868 S.W.2d 356, 361 (Tex.App.–Dallas 1993, no pet.) We find
appellant’s plea of guilty to this indictment supported the jury’s affirmative answer to the
special issue.


 
Striking of Prospective Juror
          During voir dire, a member of the venire indicated she had some trouble with the type
of case involved and the applicable range of punishment. She told the court she had a son
near the age of appellant. The State included her in its list of challenges for cause. 
Appellant objected. Counsel said, “I think she needs an opportunity to discuss,” and argued 
the panel member did not say she could not deliberate or be fair. The trial court and both
parties then questioned the prospective juror further, after which the trial court excused her
without objection from appellant.
          On appeal, appellant contends that the trial court abused its discretion in excusing
the prospective juror. Both the State and appellant cite Kemp v. State, 846 S.W.2d 289
(Tex.Crim.App. 1992). In Kemp, the defendant sought further questioning of a panel
member. After the further questioning, the State challenged the member for cause and the
trial court granted the State’s challenge without objection from the defendant. Id. at 302. 
The appellate court noted the settled rule that if an appellant does not object when a
member of the venire is excused for cause, the appellant may not challenge the trial court’s
decision on appeal. Id. It found that the defendant’s action seeking further questioning of
the panel member did not give the trial court an indication he was opposed to the court’s
ruling. We think the same is true here. Appellant’s objection sought further questioning of
the panel member but no objection was raised to her release from service after she was
questioned in detail. We find appellant’s issue presents nothing for our review. 
          Moreover, having reviewed the panel members’ responses during voir dire, we find
the court did not abuse its discretion by granting the State’s challenge for cause. Her
responses to the questions of counsel and the court were vacillating, equivocal and to some
extent contradictory. In reviewing a trial court's decision to dismiss a potential juror on a
sustained challenge for cause, considerable deference is given to the trial judge, who is in
the best position to evaluate the potential jurors; the judge benefits from observation of the
individual’s demeanor and responses while an appellate court has only the cold record. 
Chambers v. State, 866 S.W.2d 9, 22 (Tex.Crim.App. 1993), citing Cantu v. State, 842
S.W.2d 667, 681 (Tex.Crim.App. 1992). When the potential juror's answers are vacillating,
unclear or contradictory, the trial judge's observation is particularly important. Chambers,
866 S.W.2d at 22. In reviewing the trial judge's decision to sustain a challenge for cause,
we ask whether the totality of the voir dire testimony supports the trial judge's finding “that
the prospective juror is unable to take the requisite oath and follow the law as given by the
trial judge,” and only if a clear abuse of discretion is demonstrated will the trial judge's
decision be reversed. Id. Appellant’s second point of error is overruled. Having overruled
appellant’s points of error, we affirm the trial court’s judgment.  
James T. Campbell

Justice

 
Do not publish.